# Exhibit 2

Robert Weigel (RW 0163)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.*
*and Chloé SAS*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GUCCI AMERICA, INC. and CHLOÉ SAS,     :

      Plaintiffs,      :

   -against-     :

LAURETTE COMPANY, INC. and JENNIFER   :
MARIE MATTCHEN a/k/a JENNIFER MARIE
KIRK a/k/a JENNIFER BESSON d/b/a     :
THEBAGADDICTION.COM; ABC
COMPANIES; and JOHN DOES,     :

      Defendants.     :

     :

------------------------------------------------------------x

08 Civ. 5065 (LAK)

[PROPOSED]
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE

     Plaintiffs Gucci America, Inc. ("Gucci") and Chloé SAS ("Chloé") (collectively

"Plaintiffs"), having moved ex parte against Defendants Laurette Company, Inc. and Jennifer

Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson, doing business as

TheBagAddiction.com; ABC Companies; and John Does (collectively, "Defendants"), for a

temporary restraining order, asset restraining order, expedited discovery order and order to show

cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham

Act (15 U.S.C. § 1051, *et seq*.), for the reason that Defendants are manufacturing, importing,

exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds:

1.     Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including but not limited to handbags, wallets, watches, passport covers, belts, cosmetic pouches, and sunglasses (collectively, the "Counterfeit Products");

2.     The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3.     Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make assets, Counterfeit Products and business records relating thereto inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating the ultimate relief that Plaintiffs seek in this action;

4.     The harm to Plaintiffs from denial of the requested ex parte order outweighs the harm to Defendants' legitimate interests against granting such an order;

5.     Entry of an order other than an ex parte seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that Defendants, including Laurette Company, Inc. and Jennifer Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson, doing business as TheBagAddiction.com, and any John Doe or ABC Company defendants who receive notice of this Order, appear to show cause on the _12th_ day of _June_ 2008 at _10:00_ a.m./~~p.m.~~ or as soon thereafter as counsel can be heard, in Courtroom _12_ of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York why an Order pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary injunction as follows:

1.      Restraining and enjoining Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

(a)     manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(b)     making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c)     using any other false designation of origin or false description or representation or any other thing calculated or likely to cause

3

confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e) further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(f) otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g) transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein; and

(h) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g), or effecting any assignments or transfers, forming new entities or associations or utilizing any other

device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g);

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants, including Laurette Company, Inc. and Jennifer Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson, doing business as TheBagAddiction.com, and any John Doe or ABC Company defendants who receive notice of this Order, and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

(a)    committing any of the acts set forth in subparagraph (1)(a)-(g) above; and

(b)    moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

(c)    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising,

promoting, renting, or displaying of all unauthorized products which infringe Plaintiff's Trademarks

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real or personal property, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from transferring, disposing of, or secreting any money, ~~stocks, bonds, real or personal property,~~ *(other than John Does )* or other assets of Defendants or otherwise paying or transferring any money, ~~stocks, bonds, real or personal property,~~ or other assets to any of the Defendants, *(other than John Does)* ~~or~~ into or out of ~~any accounts associated with or utilized by any of the~~ ~~Defendants. This includes but is not limited to:~~ (*i*) any and all Patelco Credit Union accounts that are associated with or utilized by www.TheBagAddiction.com and/or any of Defendants; (*ii*) any and all MasterCard, Visa, American Express, and/or Discover credit or debit card payment accounts that are associated with or utilized by www.TheBagAddiction.com and/or any of Defendants; (*iii*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with www.TheBagAddiction.com and/or any of Defendants, including but not limited to purchases

made with a MasterCard credit card account from "THEBAGADDICTION.COM"; and *(iv)* any ~~and~~ and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with www.TheBagAddiction.com and/or any of Defendants, including but not limited to purchases made with an American Express credit card from "THEBAGADDICTION.COM ROCKLIN CA"; *(v)* any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with www.TheBagAddiction.com and/or any of Defendants, including but not limited to purchases made with a Visa credit card from "THEBAGADDICTION.COM 866-755-0356 CA"; *(vi)* any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with www.TheBagAddiction.com and/or any of Defendants, including but not limited to purchases made with a Discover credit card from "THEBAGADDICTION.COM ROCKLIN CA'" *(vii)* any and all Volusion, Inc. accounts that are associated with or utilized by www.TheBagAddiction.com and/or any of Defendants; and *(viii)* any and all accounts maintained by CyberSource Corporation a/k/a Authorize.Net that are associated with or utilized by www.TheBagAddiction.com and/or any of the Defendants.

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any Defendant may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any websites, online search engines, online shopping price comparison

7

services, or any other business or publication that advertises Defendants' website www.TheBagAddiction.com, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from advertising, promoting, or marketing Defendants' Counterfeit Products or Defendants' website www.TheBagAddiction.com. ~~This includes but is not limited to: (i) Google, Inc.; (ii) NexTag, Inc.; (iii) Shopzilla, Inc.; and (iv) Become, Inc.~~

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, shall be made on Defendants and deemed effective as to all named Defendants if it is completed by the following means:

(a) hand delivery care of Jennifer Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson at 848 N. Rainbow Boulevard, Suite 1943, Las Vegas, Nevada 89107 or 703 Chesterfield Way, Rocklin, California 95765;

(b) hand delivery to Laurette Company, Inc., care of CSC Services of Nevada, Inc., 502 East John Street, Carson City, NV 89706; and

(c) by delivery of Adobe PDF copies of this Order together with the Summons and Complaint to the following e-mail address: thebagaddiction@gmail.com.

IT IS FURTHER ORDERED, that such service shall be made ~~within ten (10) days from~~ *on or before June 4, 2008 at 6 pm* *(time for this purpose being governed by the time at the place* the date of this Order, except as to John Doe or ABC Company defendants who may be later *of service)* identified, or at such time as may be extended by this Court; and

8



IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193, Attention: Robert Weigel, Esq., by no later than June 9, 2008 at 5 pm with any reply by Plaintiffs to be filed and served by June 10, 2008 at 4 pm; and

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery is granted; that Plaintiffs shall serve with this order requests for disclosures pursuant to Fed. R. Civ. P. 26 and 34 in the form appended hereto as Attachment A, and that Defendants shall respond to ~~produce documents responsive to~~ such requests on or before the 11th day of June, 2008; and

~~IT IS FURTHER ORDERED, that any banks, savings and loan associations, credit card companies, credit card processing agencies, financial institutions, or other companies or agencies that engage in the transfer of real or personal property, who receive actual notice of this order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control, concerning the assets and financial transactions of Defendants or any other entities acting in concert or participation with Defendants, including but not limited to records concerning the following: (i) any and all Patelco Credit Union accounts that are associated with or utilized by www.TheBagAddiction.com and/or any of Defendants; (ii) any and all MasterCard, Visa, American Express, and/or Discover credit or debit card payment accounts that are associated with or utilized by www.TheBagAddiction.com and/or any of Defendants; (iii) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with www.TheBagAddiction.com and/or any of Defendants, including but not limited to purchases made with a MasterCard credit card account from "THEBAGADDICTION.COM"; and (iv) any and all accounts with any and all financial institutions responsible for processing credit or debit~~

9

card purchases that are associated with or made in connection with www.TheBagAddiction.com and/or any of Defendants, including but not limited to purchases made with an American Express credit card from "THEBAGADDICTION.COM ROCKLIN CA"; (*v*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with www.TheBagAddiction.com and/or any of Defendants, including but not limited to purchases made with a Visa credit card from "THEBAGADDICTION.COM 866-755-0356 CA"; (*vi*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with www.thebagaddiction.com and/or any of Defendants, including but not limited to purchases made with a Discover credit card from "THEBAGADDICTION.COM ROCKLIN CA" (*vii*) any and all Volusion, Inc. accounts that are associated with or utilized by www.TheBagAddiction.com and/or any of Defendants; and (*viii*) any and all accounts maintained by CyberSource Corporation a/k/a Authorize.Net that are associated with or utilized by www.TheBagAddiction.com and/or any of the Defendants; and that such records be produced within five (5) business days of receiving actual notice of this order unless such banks, savings and loan associations or other financial institutions, or agencies that engage in the transfer of real or personal property first apply to this Court for relief from the terms of this paragraph; and

IT IS FURTHER ORDERED, that any websites, online search engines, online shopping price comparison services, or any other businesses or publications that advertise for Defendants' website www.TheBagAddiction.com or sell advertisements to Defendants, who receive actual notice of this order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control related to the sale of counterfeit goods bearing Plaintiffs Marks, including but not limited to records concerning the payment information, assets, and financial

transactions of Defendants or any other entities acting in concert or participation with Defendants and any and all records concerning the following: (*i*) any and all sponsored link advertisements purchased by Defendants and/or www.TheBagAddiction.com from Google, Inc.; (*ii*) any and all sponsored link advertisements purchased by Defendants and/or www.TheBagAddiction.com from NexTag, Inc.; (*iii*) any and all sponsored link advertisements purchased by Defendants and/or www.TheBagAddiction.com from Shopzilla, Inc.; and (*iv*) any and all sponsored link advertisements purchased by Defendants and/or www.TheBagAddiction.com from Become, Inc.; and that such records be produced within ten (10) business days of receiving actual notice of this order unless such websites, online search engines, online shopping price comparison services, or any other businesses or publications that advertise for Defendants' website www.TheBagAddiction.com or sell advertisements to Defendants first apply to this Court for relief from the terms of this paragraph.

IT IS FURTHER ORDERED, that Google, Inc. provide any and all identifying information associated with the e-mail account thebagaddiction@gmail.com within ten (10 business days of receiving actual notice of this order unless Google, Inc. first applies to this Court for relief from the terms of this paragraph.

IT IS FURTHER ORDERED, that any website hosts, domain name owners, internet protocol supporter, or any other business supporting or hosting Defendants' website www.TheBagAddiction.com, who receive actual notice of this order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control related to the sale of counterfeit goods bearing Plaintiffs Marks, including but not limited to records concerning the ownership of Defendants' website or the assets, credit cards, or financial transactions of Defendants or any other entities acting in concert or participation with Defendants; all records and documents related to the design, support, and services rendered to

Defendants' website www.TheBagAddiction.com; any information such website host, domain name owner, internet protocol supporter, or any other business hosting Defendants' website has regarding whether Defendants' website is selling legitimate or counterfeit goods; any contract for services between Defendants' website and such website host, domain name owner, internet protocol supporter, or any other business hosting Defendants' website; and any and all records concerning the following: (*i*) any and all association between Defendants and/or Defendants' website www.TheBagAddiction.com and Volusion, Inc.; (*ii*) any and all association between Defendants and/or Defendants' website www.TheBagAddiction.com and Katz Global Domain Name Trust; (*iii*) any and all association between Defendants and/or Defendants' website www.TheBagAddiction.com and Rackspace.com, Ltd.; and (*iv*) any and all association between Defendants and/or Defendants' website www.TheBagAddiction.com and CyberSource Corporation a/k/a Authorize.Net; and that such records and information be produced within ten (10) business days of receiving actual notice of this order unless such website hosts, domain name owners, internet protocol supporter, or any other business supporting or hosting Defendants' website www.TheBagAddiction.com first apply to this Court for relief from the terms of this paragraph.

IT IS FURTHER ORDERED, that Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the relief provided herein, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the temporary restraining order, and may otherwise extend for the pendency of this litigation upon the same terms and conditions as comprise this temporary restraining order. Defendants are hereby given further notice that they may be ~~deemed~~ found to have actual notice of the issuance and terms of such preliminary injunction and any act by them or

12

anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

    IT IS SO ORDERED.

DATED this _3__ day of June, 2008        UNITED STATES DISTRICT COURT

Hour: __12:45__ a.m./p.m.         By: _____

                                  UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Robert Weigel (RW 0163)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.,
and Chloé SAS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GUCCI AMERICA, INC., CHLOÉ SAS and
ALFRED DUNHILL LIMITED,

        Plaintiffs,

     -against-

LAURETTE COMPANY, INC. and JENNIFER
MARIE MATTCHEN a/k/a JENNIFER MARIE
KIRK a/k/a JENNIFER BESSON d/b/a
THEBAGADDICTION.COM; ABC COMPANIES;
and JOHN DOES,

        Defendants.

------------------------------------------------------------x

08 Civ. _____

## PLAINTIFFS' FIRST REQUEST TO DEFENDANTS FOR DISCOVERY AND INSPECTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure and Rules 26.1 to 26.3 of the Local Civil Rules of the United States District Court for

the Southern District of New York, Plaintiffs Gucci America, Inc. and Chloé SAS by their

undersigned attorneys, Gibson, Dunn & Crutcher, LLP, hereby request that Defendants Laurette

Company, Inc. and Jennifer Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson,

doing business as TheBagAddiction.com; ABC Companies; and John Does (collectively

"Defendants") produce the following documents and things for inspection and copying at the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, within the shorter of: (a) thirty (30) days or (b) any time frame or deadline that may be set by the Court in connection with any Order to Show Cause that may issue in this action.

## DEFINITIONS

The following definitions apply to each of the Requests herein and should be read and referred to upon answering the Requests:

1. The term **"Plaintiffs"** means Gucci America, Inc. and Chloé SAS and their "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." S.D.N.Y. Local Civil Rule 26.3(c)(5).

2. The term **"Defendants"** means Laurette Company, Inc. and Jennifer Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson, doing business as TheBagAddiction.com; ABC Companies; and John Does and their "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." S.D.N.Y. Local Civil Rule 26.3(c)(5).

3. The term **"Plaintiffs' Marks"** means trademarks, service marks, and trade dress that identify Plaintiffs, their products, authorized stores, websites, and affiliates, including but not limited to the marks referenced in Exhibits 1 and 2 to the Complaint in this action.

4. The term **"Disputed Products"** means any and all products sold, manufactured, marketed or otherwise offered to consumers by any of the Defendants that in ant way display, utilize or reference any of Plaintiffs' Marks or any colorable imitations of Plaintiffs' Marks, including but not limited to the products defined in the Complaint in this action as "Counterfeit Products."

16

5.     The terms **"Person"** and **"Persons"** mean any natural person or any business, legal or governmental entity or association.  S.D.N.Y. Local Civil Rule 26.3(c)(6).

6.     The term **"Document"** is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.  S.D.N.Y. Local Civil Rule 26.3(c)(2).

7.     The term **"Communication"** means "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)."  S.D.N.Y. Local Civil Rule 26.3(c)(1).

8.     The term **"Concerning"** means "relating to, referring to, describing, evidencing or constituting."  S.D.N.Y. Local Civil Rule 26.3(c)(7).

## INSTRUCTIONS

A.     In producing documents pursuant to these requests, Defendants are required to furnish all Documents in Defendants' possession, custody or control that are known or available to Defendants.  A Document is in Defendants' possession, custody or control, if, among other things, it is in Defendants' physical custody, or if it is in the physical custody of any other person and Defendants (a) own such Document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine or copy such Document on any terms; (c) have an understanding, express or implied, that Defendants may use, inspect, examine or copy such Document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such Document when Defendants have sought to do so.  Such Documents shall include, without limitation, Documents that are in the custody of Defendants' attorney(s) or other agent(s).

B.     Defendants must make a diligent search of Defendants' records (including but not limited to paper records, computerized records, electronic mail records and voice-mail records)

and of other papers and materials in Defendants' possession or available to Defendants or Defendants' attorneys, financial advisors, consultants, investigators, and other agents or representatives.

C.    Each request herein constitutes a request for Documents in their entirety, with all enclosures and attachments, and without abbreviation, redaction or expurgation.

D.    Defendants shall produce any and all drafts and copies of each Document that are responsive to any request, and all copies of such Documents that are not identical in any respect, including but not limited to copies containing handwritten notes, markings, stamps or interlineations.

E.    If Defendants contend that a requested Document is privileged in whole or part, or contend that any identified Document would be excludable from production and discovery regardless of its relevance (including, but not limited to, a claim of attorney-client privilege or the attorney work-product doctrine), Defendants are required, for each and every such Document, to state the nature of the privilege being claimed and to provide the following information: (a) the type of document, *e.g.*, letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other. S.D.N.Y. Local Civil Rule 26.2(a).

F.    A request for Documents within a particular time period shall be deemed to include all Documents that were dated, prepared, sent or received during that time period.

G. If Defendants possess, control, or have custody of nothing responsive to any numbered request set forth below, state this fact by so specifying in Defendants' response to said request.

H. If Defendants' "original" of a Document is a photocopy (or other copy), then the copy should be produced as the original.

I. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the particular request or requests to which they are responsive. Wherever requested Documents, are stored in electronic, digital, or computerized form, Defendants are to provide it in that form, including any software required to access, retrieve, or read the data. All other Documents should be produced in a readable electronic format whenever and wherever possible.

J. With respect to the production of any category of Documents which Defendants contend is in some way burdensome or oppressive, state the specific reason for this objection and briefly summarize the Documents in question.

K. Each request shall be deemed continuing so as to require supplementation if Defendants obtain any further responsive Documents between the time that Defendants' initial production is due and the time of trial.

## II. Documents Requested

1. All Documents Concerning Plaintiffs in Defendants' possession, custody or control.

2. All Documents Concerning all Defendants' uses of the Plaintiff's Marks or colorable imitations thereof, including but not limited to all such uses on advertisements, websites, products of any type, signs, prints, packages, wrappers, pouches, receptacles, metadata, search engine keywords, advertising matter, promotional, and other materials.

3. All Documents Concerning any and all earnings, profits, or other benefits that Defendants have obtained that are in any way attributable, related, or connected to Defendants' uses of Plaintiffs' Marks, including but not limited to the names and account numbers for the banks, savings and loans, and other financial institutions in which such earnings, profits, or other benefits are maintained.

4. All Documents Concerning Defendants' manufacture, purchase, acquisition, design, order, import, export, advertisement, distribution or sale of the Disputed Products, including but not limited to Documents Concerning Defendants' sources of the Disputed Products, and any pending advertisements, offerings, sales, or shipments of the Disputed Products.

5. All Documents Concerning the relationship between the Defendants, including but not limited to documents concerning the corporate structure and organization of the Defendants and the transfer of payments, profits, costs, and/or losses between them.

6. All Documents Concerning any and all payments to Defendants in return for any and all Disputed Goods that were transmitted, processed, facilitated, enabled, or otherwise contributed to by any and all third parties, including but not limited to credit card companies,

agencies, or processors, or other financial institutions or such as, without limitation: (*i*) Patelco Credit Union; (*ii*) MasterCard; (*iii*) American Express; (*iv*) Visa; (*v*) Discover; (*vi*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a MasterCard credit card account from "THEBAGADDICTION.COM"; (*vii*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with an American Express credit card from "THEBAGADDICTION.COM ROCKLIN CA"; (*viii*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Visa credit card from "THEBAGADDICTION.COM 866-755-0356 CA"; and (*ix*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Discover credit card from "THEBAGADDICTION.COM ROCKLIN CA."

    7.  All Documents Concerning, relating to, supporting, or contradicting any of the allegations in the Complaint in this action.

Dated: New York, New York
        June   , 2008

                  GIBSON, DUNN & CRUTCHER

                  By:_____
                    Robert Weigel (RW 0163)
                    Howard S. Hogan (HH 7995)

                  200 Park Avenue
                  New York, New York 10166
                  (212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.*
*and Chloé SAS*