# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GUCCI AMERICA, INC., BALENCIAGA, S.A. and
BALENCIAGA AMERICA, INC.,

        Plaintiffs,

-against-

CURVEAL FASHION d/b/a REPLICASI.COM and
SEMELUR.COM; JOSEPH LEE a/k/a JOE YAP;
ABC COMPANIES; and JOHN DOES.

        Defendants.

-------------------------------------------------------------x

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/09

09 Civ. 8458 (RJS)

**PRELIMINARY INJUNCTION AND ORDER AUTHORIZING EXPEDITED DISCOVERY**

WHEREAS, Plaintiffs Gucci America, Inc., Balenciaga, S.A. and Balenciaga America, Inc. (collectively, "Plaintiffs") moved ex parte against Defendants Curveal Fashion d/b/a Replicasi.com and Semelur.com; Joseph Lee a/k/a/ Joe Yap; ABC Companies; and John Does (collectively, "Defendants"), for a temporary restraining order, asset restraining order, expedited discovery order and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs;

WHEREAS, the Court entered an order on October 7, 2009, restraining Defendants from, inter alia, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiff or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks (the "Temporary Restraining Order"); ordered that Defendants appear before the Court on October 21, 2009 to show cause as to why an order granting Plaintiff a preliminary injunction should not be granted; and further ordered Defendants to respond to Plaintiffs' discovery requests by October 20, 2009;

WHEREAS, Defendants were served with the Temporary Restraining Order by Express mail on October 9, 2009 and by e-mail on October 12, 2009;

WHEREAS, Defendants violated the Temporary Restraining Order by continuing to advertise, market, promote, and offer for sale the Counterfeit Products;

WHEREAS Defendants failed to comply with the Court's order to respond to Plaintiffs' discovery requests by October 20, 2009;

WHEREAS, Defendants failed to submit any papers in opposition and failed to appear before the Court on October 21, 2009;

This Court finds the following:

1. Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or

sale of products, including but not limited to handbags, wallets, watches, shoes, belts, cosmetic pouches, and sunglasses (collectively, the "Counterfeit Products");

2. The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3. The harm to Plaintiffs from denial of the preliminary injunction outweighs the harm to Defendants' legitimate interests against granting such an order;

4. Entry of an order other than a preliminary injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages;

Accordingly, this Court finds that entry of a preliminary injunction is necessary and appropriate;

NOW THEREFORE, IT IS HEREBY ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act, Defendants, including Curveal Fashion d/b/a Replicasi.com and Semelur.com, Joseph Lee a/k/a Joe Yap, and any John Doe or ABC Company defendants who receive notice of this Order, are enjoined as follows:

1. Restraining and enjoining Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

    (a) manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for

                sale Counterfeit Products or any other products produced by Plaintiff or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(b)     making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c)     using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d)     doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e)     further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

 (f) otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

 (g) transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein; and

 (h) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g);

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that Defendants, including Curveal Fashion doing business as Replicasi.com and Semelur.com, Joseph Lee also known as Joe Yap, and any John Doe or ABC Company defendants who receive notice of this Order, and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby restrained from:

(a) moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

(b) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe Plaintiffs' Trademarks

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real or personal property, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the

Defendants, or into or out of any accounts associated with or utilized by any of the Defendants. This includes but is not limited to: (*i*) any and all Royal Bank of Scotland Worldpay ("RBS Worldpay") accounts that are held or controlled by www.Replicasi.com, www.Semelur.com, and/or any of the Defendants, including but not limited to any accounts in the name of "WPPL-CURVEAL FASHION"; (*ii*) any and all MasterCard, Visa, Visa Purchasing, Visa Electron, American Express, JCB, Solo, Maestro and/or Discover credit or debit card payment accounts that are held or controlled by www.Replicasi.com, www.Semelur.com, and/or any of the Defendants; (*iii*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated held or controlled by www.Replicasi.com, www.Semelur.com and/or any of the Defendants, including but not limited to purchases made with a MasterCard credit card account from "REPLICASI.COM" or "SEMELUR.COM" or "CURVEAL FASHION" or "WPPL-CURVEAL FASHION"; and (*iv*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are held or controlled by www.Replicasi.com, www.Semelur.com and/or any of the Defendants, including but not limited to purchases made with an American Express credit card from "REPLICASI.COM" or "SEMELUR.COM" or "CURVEAL FASHION" or "WPPL-CURVEAL FASHION"; (*v*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are held or controlled by www.Replicasi.com, www.Semelur.com, and/or any of the Defendants, including but not limited to purchases made with a Visa credit card from "REPLICASI.COM" or "SEMELUR.COM" or "CURVEAL FASHION" or "WPPL-CURVEAL FASHION"; (*vi*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are held or controlled by www.Replicasi.com, www.Semelur.com and/or any

of the Defendants, including but not limited to purchases made with a Discover credit card from "REPLICASI.COM" or "SEMELUR.COM" or "CURVEAL FASHION" or "WPPL-CURVEAL FASHION"; and (*vii*) any and all accounts maintained by NameSecure.com a/k/a NamePrivacy, or NTT America, Inc. that are associated with or utilized by www.Replicasi.com, www.Semelur.com, and/or any of the Defendants.

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any websites, online search engines, online shopping price comparison services, or any other business or publication that advertises Defendants' websites www.Replicasi.com and/or www.Semelur.com, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from advertising, promoting, or marketing Defendants' Counterfeit Products or Defendants' websites www.Replicasi.com and www.Semelur.com.

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any website hosts, domain name owners, internet protocol supporter, or any other business supporting or hosting Defendants' websites www.Replicasi.com and/or www.Semelur.com, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from supporting or hosting Defendants' websites www.ReplicaSi.com and www.Semelur.com. This includes but is not limited to: (*i*) any and all accounts maintained by NameSecure.com a/k/a NamePrivacy, or NTT

America, Inc. that are associated with or utilized by www.Replicasi.com, www.Semelur.com, and/or any of the Defendants.

IT IS FURTHER ORDERED, that, given that Defendants have failed to appear, service of this Order shall be made on Defendants and deemed effective as to all named Defendants if it is completed by the following means:

(a) by certified express registered mail (international or through the United States Postal Service, as appropriate), return receipt requested to each of the following addresses: (*i*) Joseph Lee a/k/a Joe Yap at 202 & 302, Block A Damansara Intan, Kuala Lumpur, WP, Malaysia; (*ii*) Curveal Fashion, 302 Block A, Damansara Intan, Jalan SS 20/27, Petaling Jaya 47400, Malaysia; (*iii*) Replicasi Inc., ATTN: REPLICASI.COM, P.O. Box 430 c/o NameSecure, Herndon, VA, 20171-430; and (*iv*) Semelur Dot Com, ATTN: SEMELUR.COM, P.O. Box 430 c/o NameSecure, Herndon, VA, 20171-430;

(b) by delivery of Adobe PDF copies of this Order to the following e-mail addresses: h7o2sx@nameprivacy.com, and afoqo5w52@nameprivacy.com.

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery as to third parties RBS Worldpay and other banking or other institutions that received funds from the accounts maintained by Defendnats and NTT America, Inc. and any of its customers operating the ReplicaSi.com or Semeleur.com websites is granted; that Plaintiffs may serve requests for disclosures pursuant to Fed. R. Civ. P. 26 and 34 and that RBS Worldpay, NTT America, Inc., and any other third party receiving a subpoena pursuant to this Order shall produce documents responsive to such requests within ten (10) days of service of such requests; and

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any third party and Defendants may appear and move for the dissolution or modification of any provisions of this Order that impact upon it; and

Defendants and are hereby given further notice that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED.

Dated: October 23, 2009
       New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE