# Exhibit 4

Swain, J

Robert L. Weigel (RW 0163)
Howard S. Hogan (HH 7995)
Jennifer C. Halter (JH 7032)
Anne M. Coyle (AC 3158)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Balenciaga America, Inc., Balenciaga S.A.,
Bottega Veneta Inc., Gucci America, Inc.,
and Yves Saint Laurent America, Inc.*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 17 MAY 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BALENCIAGA AMERICA, INC., BALENCIAGA
S.A., BOTTEGA VENETA INC., GUCCI
AMERICA, INC., and YVES SAINT LAURENT
AMERICA, INC.,

            Plaintiffs,

-against-

SEAN DOLLINGER a/k/a HAROLD MILLER and
TAMARA SIMON-DOLLINGER, individuals,
KOODLEY.COM, INC., a Florida Corporation, d/b/a
and SPEEDSMART HOLDINGS, LTD., d/b/a
MYPURSEWORLD.COM, and FASHION STORE,
d/b/a MYPURSEWORLD.NET,
PHOENIXLUXURY.NET, PHOENIX-
LUXURY.NET, PHOENIX-LUXURY.COM; ABC
COMPANIES; and JOHN DOES,

            Defendants.

------------------------------------------------------------x

2010 Civ. 2912 (LTS)

[PROPOSED]
**PRELIMINARY INJUNCTION**

WHEREAS, Plaintiffs Balenciaga America, Inc. and Balenciaga S.A. (together

"Balenciaga"), Bottega Veneta Inc. ("Bottega Veneta"), Gucci America, Inc. ("Gucci"), and

Yves Saint Laurent America, Inc. ("YSL") (collectively, "Plaintiffs"), moved ex parte against

Defendants Sean Dollinger ("Dollinger") a/k/a Harold Miller, Tamara Simon Dollinger,

Koodley.com, Inc. ("Koodley"), and SpeedSmart Holdings, Ltd. ("SpeedSmart Holdings"), formerly doing business as MyPurseWorld.com; and Fashion Store, doing business as MyPurseWorld.net and Phoenixluxury.net, Phoenix-luxury.net, and Phoenix-luxury.com; ABC Companies; and John Does (collectively, "Defendants"), for a temporary restraining order, asset restraining order, order authorizing expedited discovery and alternative service of process, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Proeedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs;

WHEREAS, the Court entered an order on April 6, 2010 restraining Defendants from, inter alia, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiff or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks (the "Temporary Restraining Order"); ordered that Defendants appear before the Court on April 20, 2010 to show cause as to why an order granting Plaintiff a preliminary injunction should not be granted, and further ordered Defendants to respond to Plaintiffs' discovery requests;

WHEREAS, the Court continued the Temporary Restraining Order and the hearing on Plaintiffs' preliminary injunction application until May 4, 2010;

WHEREAS, Defendants were served with the Summons and Complaint and Temporary Restraining Order pursuant to the service provisions of the Temporary Restraining Order and as set forth in the Affidavit of Leigh Fanady, dated April 30, 2010;

WHEREAS, Defendants violated the Temporary Restraining Order by continuing to advertise, market, promote, and offer for sale the Counterfeit Products through the website Phoenix-luxury.com;

WHEREAS, Defendants failed to comply with the Court's order requiring them to produce documents responsive to Plaintiffs' discovery requests;

WHEREAS, Defendants failed to submit any papers in opposition and failed to appear before the Court on April 20, 2010 and May 4, 2010;

This Court finds the following:

1.      Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including but not limited to handbags, wallets, and other leather goods (collectively, the "Counterfeit Products"). Defendants openly boast on their websites that there are "no better replicas available anywhere" and that their products are "virtually indistinguishable" from the original designer merchandise. Defendant Koodley was identified as doing business as MyPurseWorld.com on the account statement for the credit card used to purchase the Counterfeit Products from MyPurseWorld.com and SpeedSmart Holdings is listed as the payee for these transactions. Sean Dollinger a/k/a Harold Miller and Tamara Simon Dollinger are identified as the operators of Koodley on the Koodley.com website. Defendant Fashion Store is listed as the seller on the transaction statement for sales of the Counterfeit Products from the website MyPurseWorld.net, and shares a business address with the Phoenix-

luxury.com and Phoenix-luxury.net websites. Defendants have not appeared to offer any defenses or dispute that Plaintiffs are entitled to the requested relief. Accordingly, Plaintiffs have shown a likelihood of success on the merits of their claims;

2. The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered. The sale of the Counterfeit Products is causing irreparable injury to Plaintiffs by causing customer confusion and brand dilution. Plaintiffs cannot control the quality of the Counterfeit Products, which is inferior to the authentic goods sold by Plaintiffs. Potential customers have been confused as to whether Defendants' websites offer authentic merchandise bearing Plaintiffs' Marks. Additionally, Defendants' website Phoenix-luxury.com has continued to operate in violation of the Temporary Restraining Order. Accordingly, Plaintiffs have demonstrated that the illegal infringement of Plaintiffs' Marks by defendants is causing Plaintiffs irreparable harm;

3. ~~Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make assets, Counterfeit Products and business records relating thereto inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating the ultimate relief that Plaintiffs seek in this action.~~ Defendants have failed to respond to Plaintiffs' discovery requests as ordered by this Court, and Defendants have failed to appear before this Court at the hearings on April 20 and May 4, 2010;

4. The harm to Plaintiffs from denial of a preliminary injunction outweighs the harm to Defendants' legitimate interests against granting such an order as Defendants have no legitimate interest in offering for sale Counterfeit Products bearing Plaintiffs' Marks;

5. Entry of an order other than a preliminary injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark

4

counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages.

NOW THEREFORE, IT IS HEREBY ORDERED that, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act, Defendants, including Sean Dollinger ("Dollinger") a/k/a Harold Miller, Tamara Simon Dollinger, Koodley.com, Inc. ("Koodley"), and SpeedSmart Holdings, Ltd. ("SpeedSmart Holdings"), formerly doing business as MyPurseWorld.com; and Fashion Store, doing business as MyPurseWorld.net, Phoenixluxury.net, Phoenix-luxury.net, and Phoenix-luxury.com; and any John Doe or ABC Company defendants who receive notice of this Order, are enjoined as follows:

1. Restraining and enjoining Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

  (a) manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiff or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

  (b) making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c)     using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d)     doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e)     further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(f)     otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g)     transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein; and

(h)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above

subparagraphs (a) through (g), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g);

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that Defendants, including Sean Dollinger ("Dollinger") a/k/a Harold Miller, Tamara Simon Dollinger, Koodley.com, Inc. ("Koodley"), and SpeedSmart Holdings, Ltd. ("SpeedSmart Holdings"), formerly doing business as MyPurseWorld.com; and Fashion Store, doing business as MyPurseWorld.net, Phoenixluxury.net, Phoenix-luxury.net, and Phoenix-luxury.com; and any John Doe or ABC Company defendants who receive notice of this Order, and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby restrained from:

(a) committing any of the acts set forth in subparagraph (l)(a)-(g) above; and

(b) moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

(c) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any

7

> information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe Plaintiffs' Trademarks; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real or personal property, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants.

IT IS FURTHER ORDERED, that in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any website hosts, domain name owners, internet protocol supporter, or any other business supporting or hosting or providing e-commerce services to Defendants' websites www.MyPurseWorld.net, Phoenixluxury.net, Phoenix-luxury.net, and Phoenix-luxury.com., who receive actual notice of this order by personal service or otherwise, are, ~~without prior approval of~~

~~the Court~~ *by* restrained and enjoined from supporting or hosting Defendants' websites www.MyPurseWorld.net, Phoenixluxury.net, Phoenix-luxury.net, and Phoenix-luxury.com. *[absent prior approval by this Court.]*

IT IS FURTHER ORDERED that Plaintiffs' motion for continued expedited discovery is granted, that Plaintiffs may serve requests for disclosures pursuant to Fed. R. Civ. P. 26 and 34 on any third party banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the transfer of real or personal property, website hosts, domain name owners, internet protocol supporter, or any other business supporting or hosting or providing e-commerce services to Defendants' websites, and that any third party receiving a subpoena pursuant to this Order shall produce documents responsive to such requests within seven (7) calendar days of service of such subpoena.

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any third party and Defendants may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant; and

Defendants are hereby given notice that that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

*This order resolves docket entry no. 3.*

IT IS SO ORDERED.

DATED this 17th day of May, 2010

New York, New York

UNITED STATES DISTRICT COURT

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE