AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | | |
|---|---|---|
| Gucci America, Inc., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2010 Civ. 4974 (RJS) |
| Weixing Li, et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Bank of China, New York Branch, 410 Madison Avenue, New York, NY 10017-1191

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place:  Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, NY 10166-0193 | Date and Time:<br><br>07/26/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____Plaintiffs_____
Gucci America, Inc., et al. _____ , who issues or requests this subpoena, are:
Anne Coyle, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, NY 10166-0193
ACoyle@gibsondunn.com
(212) 351-2341

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2010 Civ. 4974 (RJS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1.     "BANK OF CHINA" as used herein means Bank of China and any of its affiliates, subsidiaries, managers, employees, agents, representatives, consultants, attorneys or any other person or entity acting for, at the direction of, or on behalf of Bank of China.

2.     "YOU" and "YOUR" as used herein means Bank of China, as defined above.

3.     "DEFENDANTS" as used herein means any of the following persons or entities: Weixing Li, Lijun Xu a/k/a/ Jack London, all doing business as Redtagparty, Myluxurybags.com, Xpressdesigner.net, Xpressdesigners.com, Designer Handbags, ABC Companies and John Does, as well as their officers, directors, agents, representatives, and all persons acting on their behalf.

4.     "ACCOUNTS" as used herein means and includes all: savings accounts, checking accounts, money market accounts, brokerage accounts, certificates of deposit and any other credit or debit accounts at Bank of China held by Defendants; including, but not limited to, an account or deposit in the name of Lijun Xu a/k/a Jack London with account number 405090001880302443, an account or deposit in the name of "Lijun Xu" with account number 405090001880321235.

5.     "DOCUMENT" or "DOCUMENTS" is synonymous with the usage of that term in Rule 34 of the Federal Rules of Civil Procedure and is used herein in the broadest sense of the word, and includes, without limitation, drafts and final versions of the following: account records, account statements, bank records, bank statements, canceled checks and their images, deposited checks and their images, deposit slips, withdrawal slips, wire transfer instructions and receipts, certificates of deposit, e-mails, written statements, writings or reports (whether submitted monthly, quarterly, semi-annually, annually or otherwise), papers, notes, memoranda, correspondence, communications, invoices, memoranda of meetings or conversations, telephone records, computer tapes, computer printouts and other data compilations from which information can be obtained or translated, all electronic, mechanical, magnetic, optical or electric data, records or representations of any kind (including computer data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, servers, backup tapes or any other medium), and any other form of physical media.

6.     "COMMUNICATION" is used herein in the comprehensive sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral, electronic, digital or written information between or among one or more persons or entities, including but not limited to: writings, correspondence, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, agreements, inquiries, and any other expressions or understandings, whether made face-to-face, by telephone, mail, facsimile, e-mail, computer or otherwise.

7.     "CORRESPONDENCE" as used herein means any and all exchange of information between or among two or more entities.

8.     "RELATING TO" as used herein means concerning, regarding, bearing upon, containing, embodying, listing, stating, recording, showing, demonstrating, considering, addressing, mentioning, comparing, discussing, reflecting, identifying, constituting, having to do with, commenting about, referring to, pertaining to, responding to, or in any way logically or factually connected to the given subject.

9.     "ALL" as used herein includes the term "each," "any," or "every" and vice versa.

10.     "AND" and "OR" as used herein means "and/or."

## INSTRUCTIONS

1.     You are requested to produce all documents and things described below at Gibson., Dunn & Crutcher LLP c/o Anne Coyle., 200 Park Avenue, 47th Floor, New York, NY 10166, on or before July 26, 2010.

2.     In answering and responding to these document requests, you are requested to produce all documents that are in your possession, custody, or control, or that is in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

3.     In answering and responding to these document requests, you are requested to produce the original of every requested document and tangible thing and any copies that have been altered in any way or that contain on their face additional markings, comments, or information.  If the original of any document is not available, the most legible copy should be produced.

4.     Documents shall be produced in an order corresponding to each paragraph of this document request, or, in the alternative, they may be produced in the same order in which they are maintained in the usual course of business.  Electronically stored information, including, but not limited to, e-mail, account documentation, wire transfer records, and bank records shall be produced in the form or forms in which it is ordinarily maintained or in a form that is reasonably usable.

5.     If any of the information or documents supplied in response to these document requests does not come from your records, please specify the source of the documents.

6.     If you refuse to produce any requested document under a claim of attorney-client privilege, work product privilege, or any other privilege, it is requested that you submit for each document withheld a written statement that: specifies the privilege or other asserted basis for withholding the document; summarizes the substance of the document; identifies the person who prepared the document and any persons to whom the document was sent or disclosed; and specifies the dates on which the document was prepared, transmitted and received.

2

7.      The time period covered by these document requests runs from the date on which any of the Defendants opened an account at Bank of China or were added as an accountholder to an existing account at Bank of China, whichever is earlier, through to the date of production of the requested documents set forth in Paragraph 1 of these instructions.  This is a continuing request.  Any document obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

8.      The use of the singular form of any word includes the plural and vice versa.  The past tense form shall be construed to include the present tense, and vice-versa, whenever such a dual construction will serve to bring within the scope of a production category any documents or information that would otherwise not be within its scope.

9.      If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

## DOCUMENTS REQUESTED

1.      All documents and internal or external communications concerning Defendants or Defendants' accounts, including, without limitation, all letters, emails, phone messages and notes of discussions with Defendants or any representative or purported representative of Defendants, and credit checks or investigations performed on Defendants or their principals.

2.      Any and all documents containing contact information associated with each of Defendants' accounts, including but not limited to names, authorized signatures, mailing and e-mail addresses, and telephone and facsimile numbers.

3.      Any and all documents relating to any and all credit card transactions processed in connection with purchases from Defendants or Defendants' websites, including but not limited to Myluxurybags.com, Xpressdesigner.net and Xpressdesigners.com

4.      All documents associated with any open or closed checking, savings, money market accounts, and certificates of deposit held in the name of any of the Defendants, including but not limited to any deposit or account in the name of Lijun Xu (account numbers: Redacted 2443 and Redacted 1235), including but not limited to:

   a.  Account opening documents, including signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business.

   b.  Bank statements or account statements.

   c.  Cancelled checks (both sides).

   d.  Deposit tickets and deposited items (both sides of items, including ATM and direct deposits).

3

e. Withdrawal slips or receipts.

f. ATM withdrawals and point of sale debits.

g. Credit and debit memos.

h. Telephonic transfer slips.

i. Wire transfer records.

j. Any and all other documentation not specifically requested that relates to the deposit, withdrawal, or transfer of funds into, out of, or between any of Defendants' accounts.

5. All documents concerning any open or closed loans or mortgages relating to any of the Defendants, including but not limited to:

a. Loan applications.

b. Loan ledger sheets.

c. Copies of loan disbursement documents.

d. Copies of loan repayment documents.

e. Loan correspondence files.

f. Credit reports and ratings.

g. Copies of notes or other instruments reflecting the obligation to pay.

h. Copies of any documents reflecting security for any bank loans.

i. Copies of annual interest paid statements.

j. Copies of loan amortization statements.

k. Any other supporting documentation not specifically requested, including but not limited to financial statements, Federal or State tax returns (or their Chinese equivalent), schedules of assets and liabilities along with applicable bank verifications, and loan officer notes.

6. All documents relating to any cashier's, bank, or traveler's checks and money orders purchased by any of the Defendants, including but not limited to:

a. Any documents used to purchase checks or money orders.

b. Any documents reflecting negotiation of the checks and/or money orders.

    c.  Applications for any negotiable instruments

    d.  Any other supporting documentation not specifically requested.

7.      All wire transfer documents and files relating to any of the Defendants, including but not limited to:

    a.  Documents relating to requests for authorization to wire funds.

    b.  Documents relating to Fedwire, SWIFT, or other documents reflecting the transfer of funds to, from, or on behalf of the Defendants which show the beneficiary of such transfer, destination bank, and account number.

    c.  Documents reflecting the source of funds for a wire into any of Defendants' accounts, including but not limited to documents containing the name of the bank or entity originated the wire transfer, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred.

    d.  Documents reflect the disposition of a wire transfer.

    e.  Notes, memoranda or other writings relating to the sending or receiving of wire transfers.

    f.  Any other supporting documentation not specifically requested.

8.      All documents relating to any Currency Transaction Reports and Suspicious Activity Reports concerning any of the Defendants, including but not limited to:

    a.  Copies of Currency Transaction Reports, by individual or entity.

    b.  Copies of Suspicious Activity Reports filed on the entity and any supporting documentation for these reports.

    c.  Any other supporting documentation not specifically requested.