# Exhibit D

Robert L. Weigel (RW 0163)
Howard S. Hogan (HH 7995)
Jennifer C. Halter (JH 7032)
Anne M. Coyle (AC 3158)
Kimberly Lindsay (KL 5776)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.,
Balenciaga America, Inc., Balenciaga S.A.,
Bottega Veneta International S.a.r.l., Bottega Veneta, Inc.,
Luxury Goods International (L.G.I.) S.A., and
Yves Saint Laurent America, Inc.*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/10
```

-----------------------------------------------------------x
                                                           :
GUCCI AMERICA, INC., BALENCIAGA                            :
AMERICA, INC., BALENCIAGA S.A., BOTTEGA                    :
VENETA INTERNATIONAL S.A.R.L.,                             :  2010 Civ. 4974 (RJS)
BOTTEGA VENETA INC., LUXURY GOODS                          :
INTERNATIONAL (L.G.I.) S.A. and YVES SAINT                 :
LAURENT AMERICA, INC.                                      :  [PROPOSED]
                                                           :  **PRELIMINARY INJUNCTION**
            Plaintiffs,                                    :  **AND ORDER AUTHORIZING**
                                                           :  **EXPEDITED DISCOVERY**
    -against-                                              :
                                                           :
WEIXING LI and LIJUN XU a/k/a JACK LONDON,                 :
all doing business as REDTAGPARTY,                         :
MYLUXURYBAGS.COM,                                          :
XPRESSDESIGNERS.COM,                                       :
XPRESSDESIGNER.NET, and DESIGNER                           :
HANDBAGS; ABC COMPANIES;                                   :
and JOHN DOES,                                             :
                                                           :
            Defendants.                                    :
                                                           :
-----------------------------------------------------------x

WHEREAS, Plaintiffs Gucci America, Inc. ("Gucci"), Balenciaga, S.A. and Balenciaga

America, Inc. (together "Balenciaga"), Bottega Veneta International S.a.r.l. and Bottega Veneta,

Inc. (together "Bottega Veneta"), and Luxury Goods International (L.G.I.) and Yves Saint Laurent America, Inc. (together "YSL") (collectively, "Plaintiffs") moved *ex parte* against Defendants Weixing Li and Lijun Xu a/k/a/ Jack London, all doing business as Redtagparty, Myluxurybags.com, Xpressdesigners.com, Xpressdesigner.net, and Designer Handbags; and ABC Companies; and John Does (collectively, "Defendants"), for a temporary restraining order, asset restraining order, order authorizing expedited discovery and alternative service of process, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs;

WHEREAS, the Court entered an Order on June 25, 2010, restraining Defendants from, *inter alia*, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or similarly confusing to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from Plaintiffs' Marks (the "Temporary Restraining Order"); ordered that Defendants appear before this Court on July 9, 2010 to show cause why an order granting Plaintiffs a preliminary injunction should not be granted; and further ordered Defendants to respond to Plaintiffs' discovery requests by July 8, 2010;

WHEREAS, Defendants were served with the Temporary Restraining Order, Summons, Complaint and all supporting papers, via email correspondence on June 30, 2010 and served via alternative service on July 7, 2010 at their businesses' post box 8690 Aero Drive Box 231, San Diego, CA 92123, in accordance with the service provisions contained within the Temporary Restraining Order;

WHEREAS, Plaintiffs filed a Notice of Compliance with service provisions of the Temporary Restraining Order on July 12, 2010;

WHEREAS, Defendants failed to comply with the Court's order to respond to Plaintiffs' discovery requests by July 8, 2010;

WHEREAS, Defendants, except counsel for Defendant Lijun Xu who appeared and did not contest nor oppose the preliminary injunction, failed to submit any papers and failed to appear before the Court on July 9, 2010.

The Court finds the following:

1. Plaintiffs are likely to succeed in showing that Defendants have used and would, absent injunctive relief, continue to use counterfeits or infringements of Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including but not limited to handbags, wallets, and other leather goods (collectively, the "Counterfeit Products");

2. The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3. The harm to Plaintiffs from denial of the preliminary injunction outweighs the harm to Defendants' legitimate interests against granting such an order;

4. Entry of an order other than a preliminary injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages.

Accordingly, this Court finds that entry of a preliminary injunction is necessary and appropriate.

NOW THEREFORE, IT IS HEREBY ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act, Defendants, including Defendants Weixing Li and Lijun Xu a/k/a/ Jack London, all doing business as Redtagparty, Myluxurybags.com, Xpressdesigners.com, Xpressdesigner.net, and Designer Handbags; and their officers, directors, agents, representatives, successors or assigns, and ABC Companies; and John Does, including Ting Xu, who receive notice of this Order, and all persons acting in concert or in participation with any of them are restrained and enjoined from:

1. manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

2. making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

4

3. using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

4. doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

5. further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

6. otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

7. transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein; and

8. moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

5

      9.     secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe Plaintiffs' Trademarks; and

      10.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (9), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (9);

      IT APPEARING to the Court that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

      IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real or personal property, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or

otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants. This includes but is not limited to: (1) any and all Frontline Processing Corporation accounts utilized by Weixing Li, Lijun Xu, Redtagparty, Myluxurybags.com and/or any of the other Defendants; (2) any and all Global Payments Inc. accounts utilized by Weixing Li, Lijun Xu, Redtagparty, Myluxurybags.com and/or any of the other Defendants; (3) any and all MasterCard, Visa, American Express and/or Discover credit or debit card payment accounts that are associated with or utilized by Weixing Li, Lijun Xu, Redtagparty, Myluxurybags.com and/or any of the other Defendants; (4) any and all accounts with any and all financial institutions, including but not limited to accounts utilized to process credit card sales, that are associated with Weixing Li, Lijun Xu, Redtagparty, Myluxurybags.com and/or any of the other Defendants, and (5) any and all Bank of China accounts associated with or utilized by Weixing Li, Lijun Xu, Redtagparty, Myluxurybags.com and/or any of the other Defendants, including but not limited to the accounts ending in the last four digits 2443 and 1235, as identified in correspondence between Plaintiffs and Defendant Lijun Xu's counsel.

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any websites, online search engines, online shopping price comparison services, or any other business or publication that advertises, promotes or markets Defendants' Counterfeit Products, Defendants' websites Myluxurybags.com, Xpressdesigners.com, Xpressdesigner.net or any other of Defendants' websites offering for sale Counterfeit Products, who receive actual notice of this order by personal service or otherwise, are, without prior

approval of the Court, restrained and enjoined from advertising, promoting, or marketing Defendants' Counterfeit Products, Defendants' websites Myluxurybags.com, Xpressdesigners.com, Xpressdesigner.net or any other of Defendants' websites offering for sale Counterfeit Products.

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any website hosts, domain name owners, internet protocol supporter, or any other business supporting, hosting or providing e-commerce services to Defendants' websites Myluxurybags.com, Xpressdesigners.com, Xpressdesigner.net or any other of Defendants' websites offering for sale Counterfeit Products, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from supporting or hosting Defendants' websites Myluxurybags.com, Xpressdesigners.com, Xpressdesigner.net or any other of Defendants' websites offering for sale Counterfeit Products.

IT IS FURTHER ORDERED, that sufficient cause having been shown and given that Defendants have failed to appear, service of this Order shall be made and deemed effective as to all named Defendants if it is completed by the following means:

(a) by express courier to Weixing Li at 8690 Aero Drive Suite 115-231, San Diego, California 92123-1886;

(b) by express courier and email to for Eric W. Siegle, Esq., counsel for Lijun Xu a/k/a/ Jack London, at 217 Broadway Suite 611, New York, New York 10007 and e.siegle@siegleandsims.com; and

8

(c) by delivery of Adobe PDF copies of this Order to the following e-mail addresses: (1) payment0925@yahoo.com; (2) xpressdesigner@yahoo.com.

IT IS FURTHER ORDERED that Plaintiffs' motion for continued expedited discovery is granted as to third parties, including any banking or other institutions, that received or transferred funds from accounts maintained by Defendants, or that participated, knowingly or unknowingly, in any way in the operation of Defendants' businesses, including but not limited to, Frontline Processing Corporation, Global Payments Inc., Visa, MasterCard, Discover and American Express and the entities that received proceeds of Defendants' sales of Counterfeit Products; that Plaintiffs may serve requests for disclosures pursuant to Fed. R. Civ. P. 26 and 34 and that any third party receiving a subpoena pursuant to this Order shall produce documents responsive to such requests within ten (10) days of service of such subpoena; and

IT IS FURTHER ORDERED that upon two (2) days written notice to the Court and Plaintiffs' counsel, any third party and Defendants may appear and move for the dissolution or modification of any provisions of this Order that impact upon it; and

Defendants are hereby given further notice that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

IT IS SO ORDERED.

DATED this 12th day of July, 2010

Hour: 6:50 a.m./p.m.

By: _____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE