# EXHIBIT B

# ALLEN & OVERY

By E-Mail

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007
(212) 805-0264
sullivannysdchambers@nysd.uscourts.gov

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel         212 610 6300
Fax         212 610 6399
Direct line 212 756 1136
lanier.saperstein@newyork.allenovery.com

September 1, 2011

Re: Gucci America, Inc., et al. v. Li, et al., No. 2010 Civ. 4974 (RJS)

Dear Judge Sullivan:

We write on behalf of non-party Bank of China ("BOC" or the "Bank") in the above-referenced action. Pursuant to Rules 2.A and 1.D of Your Honor's Individual Practices, BOC respectfully requests a pre-motion conference and an extension of time with respect to the Order entered by Your Honor on August 23, 2011 (the "Order") denying BOC's motion to modify the preliminary injunction entered on July 12, 2010 (the "Preliminary Injunction") and granting plaintiffs' motion to compel BOC to produce the information requested by the Subpoena dated July 16, 2010 (the "Subpoena").

In the Order, Your Honor held that the Court "possesses the power to restrain Defendants' assets whether they are located domestically or abroad" and thus denied BOC's motion to modify the Preliminary Injunction. (Order at 5.) Your Honor also held that BOC should be required to produce all information requested by the Subpoena, even if located in China, within fourteen days of the date of the Order, i.e., by Tuesday, September 6, 2011. (Order at 13.)

Respectfully, given the importance of the issues ruled upon in the Order and the uncertainty faced by the Bank in a number of other cases as a result of the Order, BOC wishes to promptly appeal, as part of a single appeal, both the denial of BOC's motion to modify the Preliminary Injunction and the granting of plaintiffs' motion to compel compliance with the Subpoena.

BOC can notice an appeal of the Court's denial of BOC's motion to modify the Preliminary Injunction as a matter of right pursuant to 28 U.S.C. § 1292(a)(1), which provides that "courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . refusing to . . . modify injunctions."

With respect to the Court's granting of plaintiffs' motion to compel, however, BOC recognizes that it may not be entitled to an interlocutory appeal as of right. At the same time, as BOC has repeatedly explained, it cannot comply with the Subpoena without violating Chinese Banking laws and potentially subjecting itself to penalties in its home country. (See, e.g., Declaration of Zhipan Wu, dated December 22, 2010

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Budapest, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, New York, Paris, Prague, Riyadh (associated office), Rome, Shanghai, Singapore, Tokyo and Warsaw.

("Wu Decl.") ¶¶ 9-32.) Indeed, the Chinese Ministry of Justice previously informed BOC that it must comply with the domestic laws of the PRC with respect to the disclosure of bank records located in China, and where such information is sought by a litigant, a US court should "submit a Request by the procedure provided in [the Hague Convention]." A copy of the Ministry of Justice's April 28, 2007 letter to BOC is appended hereto as Exhibit A.

BOC has therefore been placed in the extremely difficult position of either attempting to comply with the Court's Order and violating the laws of its home country, thereby facing potential penalties there, or violating the Court's Order and complying with Chinese banking laws, thereby facing the potential for a contempt order and sanctions here. Simply put, notwithstanding the Court's finding that BOC's "representation of the liability [in China] that it faces [is] unduly speculative" (Order at 12), BOC is caught between the proverbial rock-and-a-hard place with respect to the Court's Order on plaintiffs' motion to compel.

Given the importance of this issue to BOC and the difficult position in which BOC now finds itself, it wishes to appeal the Court's granting of plaintiffs' motion to compel along with the Court's denial of BOC's motion to modify the Preliminary Injunction as part of a single appeal. As the Court held, its inquiry into the discovery issue was "far from completely one-sided," BOC had a "legitimate basis" for its objection to producing any account-related information from China and it had raised a "genuine dispute" with plaintiffs. (Order at 13.) BOC, as well as other Chinese banks, are likely to face this issue on numerous occasions in the future.

Further, not only is BOC caught between conflicting jurisdictions, it now faces conflicting decisions within this District. As this Court is aware, under almost identical circumstances, the Court in Tiffany (NJ) LLC, et al. v. Qi Andrew, et al., No. 10 Civ. 9472 (WHP) (HBP), 2011 WL 3135850 (S.D.N.Y. July 25, 2011) (M. J. Pitman) recently came to the opposite conclusion from that of this Court, directing the plaintiffs to seek any bank records located in China via the Hague Convention. BOC respectfully wishes to obtain guidance from the Second Circuit regarding the Court's granting of plaintiffs' motion to compel, as it believes that any such guidance will remove the uncertainty currently faced by the Bank and have valuable application for it and others in future cases.

BOC therefore respectfully requests, pursuant to Rule 2.A of Your Honor's Individual Practices, a pre-motion conference to discuss filing a motion for leave to appeal the Court's granting of plaintiffs' motion to compel pursuant to 28 U.S.C. § 1292(b) or other applicable procedural means of putting this important issue before the Second Circuit at the same time as the Court's denial of BOC's motion to modify the Preliminary Injunction. BOC respectfully submits that allowing both of these important issues to be appealed at once will, inter alia: (i) conserve the judicial resources of the parties, this Court and the Second Circuit; (ii) avoid the unnecessary delay that will undoubtedly result if BOC is required to appeal one Order on two separate occasions; and (iii) prevent the possibility for inconsistent or incompatible rulings on two separate appeals. BOC requests a pre-motion conference with the Court to discuss the best possible means of furthering these goals.

BOC also respectfully requests, pursuant to Rule 1.D of Your Honor's Individual Practices, an extension of the deadline set forth in the Order for BOC's compliance with the Subpoena. BOC's compliance with the Subpoena is currently due on September 6, 2011—the day after Labor Day. BOC requests that the deadline be extended to 21 days after any pre-motion conference is held. To the extent Your Honor is not inclined to hold a pre-motion conference, BOC requests that the deadline be extended by 21 days from the current deadline of September 6, 2011.

This is BOC's first request for an extension of time. BOC needs the additional time in order to, <u>inter alia</u>: (i) obtain the Court's guidance through a pre-trial conference with respect to the possibility for an appeal; and (ii) evaluate its options, if any, with respect to complying with the Order on the one hand, and Chinese banking laws, on the other. Further, I was on vacation when Your Honor issued the decision, giving me less time to evaluate, discuss potential options and communicate with BOC regarding the Order. BOC has conferred with plaintiffs regarding its request for an extension, and plaintiffs have indicated that they would not agree unless BOC was seeking the extension only in order to produce documents located in China in response to the Subpoena.

\*   \*   \*

Given the importance of these issues to BOC, as well as the Court's Order that BOC produce documents in response to the Subpoena, even if located in China, by September 6, 2011, BOC respectfully requests a pre-motion conference at Your Honor's earliest convenience. If the Court is unable to hold a pre-motion conference on or before September 6, 2011, BOC respectfully requests that the Court grant BOC's request for an extension of time on or before September 6, 2011, if at all possible, to avoid the possibility of BOC being held in contempt.

Respectfully submitted,

Lanier Saperstein

cc: Robert L. Weigel, Esq. (counsel for plaintiffs, by e-mail w/encls.)
Howard S. Hogan, Esq. (counsel for plaintiffs, by e-mail w/encls.)
Jennifer Colgan Halter, Esq. (counsel for plaintiffs, by e-mail w/encls.)
Anne M. Coyle, Esq. (counsel for plaintiffs, by e-mail w/encls.)

# Exhibit A

# 中华人民共和国司法部

(2007)司协函 67 号

中国银行股份有限公司法律与合规部:

2007年4月25日中银法文[2007]38号函收悉。

关于美国有关部门要求中国银行纽约分行提供中国境内其他分行证据材料的问题,经研究,我们认为:

一、中国银行位于中国境内的各分支机构必须严格遵守中国《刑事诉讼法》、《商业银行法》等国内法律。根据中国法律,任何个人或组织如需为诉讼的目的查询保存在上述分支机构中的银行记录,只能通过中国主管机关依据中国法律规定的程序调取。

二、中国银行及其设在中国境内的各分行不在美国法律和法院的管辖范围之内,根据国际法公认的准则,美国法院无权通过中国银行纽约分行直接调取中国境内中国银行及其各分行的有关证据材料。根据中国的法律规定,中国银行及其纽约分行也无权超越中国司法主权管辖的范围而将中国境内各分行的证据材料提供给美国法院。

三、如果美国政府或法院为刑事或者民事调查需要希望取得中国银行在中国境内各分行的证据资料,属于民事案件的,应通过《海牙取证公约》规定的途径进行;属于刑事案件的,应通过

《中美刑事司法协助协定》或《联合国打击跨国有组织犯罪公约》规定的途径进行。即：在这种情况下，应由美国受诉法院向中国司法部提出司法协助请求，然后由中国司法机关依请求并按中国法律予以执行。

四、《海牙取证公约》、《中美刑事司法协助协定》和《联合国打击跨国有组织犯罪公约》是中美司法机关之间开展司法协助的合法有效的依据。只要美国司法机关提出的请求符合上述《协定》或《公约》规定的条件，并且不违反中国法律的基本原则，中国司法机关都会认真对待，并给予合理的协助。

此复。



司法部司法协助外事司

二○○七年四月二十八日

抄送：外交部条法司

中华人民共和国司法部

## MINISTRY OF JUSTICE OF THE PEOPLE'S REPUBLIC OF CHINA

No. Chaoyangmen Nandajie, Chaoyang District, Beijing 100020 P. R. China
Telephone: ++86 10 6520 5234    Facsimile: ++86 10 6520 5211

(2007) S.X.H. No.67

*(Translation from Chinese version)*

**To the Legal and Compliance Department of Bank of China Limited,**

Your Letter of ZH.Y.F.W. [2007] No.38 dated April 24, 2007 was received.

Regarding the issue that the relevant departments of the United States required Bank of China New York Branch to provide evidentiary materials of the bank's other branches within the territory of the People's Republic of China, we, after investigation and discussion, consider that:

I.   All branches of BOC within the territory of the PRC must comply with such domestic laws as *the Criminal Procedure Law of the PRC* and *the Commercial Banking Law of the PRC*. According to laws of the PRC, any individual or entity that, for the purpose of investigation and litigation, needs to collect bank records maintained within the above branches shall submit a Request for collecting evidential material to a relevant Authority of the PRC through procedures provided by laws.

II. BOC and its branches within the territory of the PRC are not subject to the jurisdiction of a court of the USA. A court of the USA, in accordance with the fundamental principles commonly recognized by the international law, is not entitled to make a Request for directly collecting any evidentiary material of BOC and its branches via BOC's New York Branch. On the other hand, pursuant to laws of the PRC, BOC and its New York Branch are not entitled to do anything, which is beyond the judicial jurisdiction of the PRC, to provide such evidential material of the branches within the territory of the PRC to any court of the USA.

III. Where the US Government or its court intend to obtain the evidential material of the branches of BOC within the territory of the PRC as needed for the nature of conducting criminal or civil investigation, they shall submit a Request by the procedure provided in *Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters* (the Hague Convention) in the context of civil case, or through the procedure stated in *the Agreement between the Government of the People's Republic of China and the Government of the United States of America on Mutual Legal Assistance in Criminal Matters* (the MLAA) or *the United Nations Convention against Transnational Organized Crime* (the UNTOC) in the context of criminal case.

Namely, in this case, the US court shall submit a Request for assistance to the MOJ - the Central Authority for China via the Central Authority for USA, i.e. the OIA, Criminal Division, the US Department of Justice. Upon the Request, the Central Authority and the Competent Authority of the PRC shall review and implement the Request by the Agreement and the laws of the PRC.

IV. The Hague Convention, the MLAA and the UNTOC are the effective legal basis for judicial assistance and cooperation between the judiciary organs of the PRC and the USA. As long as a Request submitted by the Central Authority for the USA being consistent with the terms of the above Agreement or Convention, and does not violate the basic principles of laws of the PRC, the Chinese authority will take it seriously and try their best to provide assistance reasonably.

It is replied hereby.

                                        Department of Judicial Assistance and Foreign Affairs
                                            the Ministry of Justice of the P.R. China (Seal)

                                                                       April 28, 2007

CC: Department of Treaty and Law of Ministry of Foreign Affairs of the P.R. China