# EXHIBIT I

<u>专人递交</u>

尊敬的 William H. Pauley III 法官
美国联邦地区法官
丹尼尔帕特里克莫尼汉美国联邦法院
珀尔街 500 号 2210 室
纽约州纽约市， 10007

尊敬的 Richard J. Sullivan 法官
美国联邦地区法官
丹尼尔帕特里克莫尼汉美国联邦法院
珀尔街 500 号 615 室
纽约州纽约市， 10007

尊敬的 Henry B. Pitman 法官
美国联邦地区治安法官
丹尼尔帕特里克莫尼汉美国联邦法院
珀尔街 500 号 750 室
纽约州纽约市， 10007

尊敬的 Deborah A. Batts 法官
美国联邦地区法官
丹尼尔帕特里克莫尼汉美国联邦法院
珀尔街 500 号 640 室
纽约州纽约市， 10007

2011年11月3日

有关: Tiffany (NJ) LLC, 等诉 Qi Andrew 等., 10 civ. 9471 (WHP) (HBP); Gucci America, Inc., 等诉 Li 等, No. 2010 Civ. 4974 (RJS); Gucci America, Inc., 等诉 Bagsmerchant, LLC 等 No. 2010 Civ. 2911 (DAB) (JCF)

尊敬的Pauley法官、Sullivan法官、Pitman法官和Batts法官阁下:

中国人民银行("人民银行")和中国银行业监督管理委员会("银监会")特此致函,敬请法庭注意下述事项。

我们谨以此函就Sullivan法官和Pitman治安法官针对标题所示案件所作的决定表达我们的意见。根据该决定,两位法官向中国银行、中国工商银行和中国招商银行送达了传票。我们一直在关注中国的银行在上述两宗案件以及其他类似案件中的处境。

中国银行业法律禁止金融机构违反法律规定提供有关客户的账户信息。人民银行和银监会负责执行以上法律,并负责制定和执行有关具体办法。在此,我们谨敦促在上述案件以及未来任何案件中支持并遵循Pitman治安法官有关援用《海牙公约》的指令。鉴于这些案件的重要性,人民银行和银监会在此重申以下立场:

一、中国的法律禁止商业银行依据外国法院的指令跨境提供客户信息

中国的法律、行政法规明确规定了银行为客户保密的义务,禁止中国的商业银行未经客户同意提供客户的账户信息。中国的银行

2

法规定，在未经客户授权的情况下，商业银行只能按照法律或行政法规明确授权的中国司法机关或政府机关的要求对在中国境内的账户资金进行查询、冻结和扣划。根据国际公法上和民法传统的概念，外国法院（包括美国法院）不属于上述法律、行政法规明确授权的司法机关或政府机关。因此，中国的商业银行（包括上述案件涉及的银行）不得按照美国法院的指令跨境提供客户的账户信息或冻结扣划账户资产。

中国政府对严格执行上述法律规定，有效保护银行客户信息有着重要的利益。中国的银行业相对较新，发展尚不成熟，在全球化背景下又面临着激烈的外部竞争。严格保护银行客户的信息安全对中国这个金融相对落后的国家尤其重要，因为这有助于培养客户对银行体系的信任，从而促进银行体系的进一步发展。

二、人民银行和银监会鼓励美国法院使用《海牙公约》，以避免中国法与美国法的冲突

中国已经加入了《关于从国外调取民事或商事证据的公约》（下称"《海牙公约》"），并有良好的履约记录。美国法院根据《海牙公约》发出的取证请求经中国司法部批准后，由司法机关发送相关商业银行，商业银行就可以按照中国司法机关的要求向美国法院提供相关信息。这一做法将完全符合中国法律的规定，并能够避免两国之间不必要的法律冲突。因此我们支持 Pitman 治安法官于 2011 年 7 月 25 日作出的通过《海牙公约》调用中国境内信息的决定，并希望美国法院在其他案件中援引上述决定，要求寻求调取中国境内的银行账户信息的诉讼方通过《海牙公约》寻求调取与诉

3

讼案件直接、密切相关的信息。人民银行和银监会将与中国司法部和司法机关积极协调，推动其按照程序在合理的时间内满足《海牙公约》下的调查取证请求。

三、中美两国已就跨境法律合作取得重要共识

中美两国每年度举行中美战略与经济对话（S&ED）。该对话机制由中国国家主席胡锦涛与美国总统奥巴马于 2009 年 4 月设立，是两国之间最高层次的双边论坛。跨境法律合作是双方讨论的议题之一。基于双方的共同利益，两国政府已经取得了在跨境执法行动中尽量使用双边机制、避免采取单边行动的重要共识。双边机制包括《海牙公约》、中美刑事司法协助协定，以及中美执法合作联合联络小组（JLG）等。作为中国代表团的成员，人民银行参加了 S&ED 和 JLG 的会谈，并与美国代表团进行了富有建设性的讨论。我们提请各位法官注意，美国法院通过传票方式强制调取中国境内的账户信息或要求中资银行冻结或移交中国境内客户资产的做法，将违反以上重要共识，并对双方在 S&ED 和 JLG 框架下的进一步讨论与合作产生不必要的负面影响。

四、人民银行和银监会正在调查中国银行近期根据 Sullivan 法官的指令提供信息的行为

我们了解到，中国银行根据 Sullivan 法官于 2011 年 8 月 23 日作出的指令已经提供了位于中国境内的相关账户文件。中国银行的上述行为违反了中国的银行业法律法规，我们已经提出严正警告，并正在做进一步调查以评估违规情节的严重程度及相应的处罚措施。

在此我们严正声明，人民银行和银监会将严格执行中国银行业的法律法规，严格保护中国银行客户的账户信息，禁止中国法律不许可的信息披露和资产移交。我们敬请诸位尊敬的法官在未来的案件审理中充分考虑到中国政府在执行中国银行业法律法规、保护中国银行客户和促进中国银行业发展中的重大利益。

敬呈

[姓名] 周学东    03/11-2011
[职务] 人民银行条法司司长

[姓名] 应明亮（代黄毅主任）  03/11-2011
[职务] 银监会法规部副主任

**VIA COURIER**

Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

The Honorable Richard J. Sullivan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 615
New York, New York 10007

The Honorable Henry B. Pitman
United States Magistrate District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007

The Honorable Deborah A. Batts
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

November 3, 2011

Re:   Tiffany (NJ) LLC, et al. v. Qi Andrew, et al., 10 civ. 9471 (WHP) (HBP); Gucci America, Inc., et al. v. Li, et al., No. 2010 Civ. 4974 (RJS); Gucci America, Inc., et al. v. Bagsmerchant, LLC, et al., No. 2010 Civ. 2911 (DAB) (JCF)

Honourable Judges Pauley, Sullivan, Pitman and Batts:

The People's Bank of China ("PBOC") and the China Banking Regulatory Commission ("CBRC") hereby write to respectfully request that the Court's take note of the following matters.

We wish to convey our views through this letter in respect to the decisions issued by Judge Sullivan and Magistrate Judge Pitman in the above-captioned cases. According to these decisions, the two judges have

ruled on subpoenas that were served on Bank of China, Industrial and Commercial Bank of China and China Merchants Bank by private parties. We have been following closely the position of the Chinese banks in both lines of cases, as well as in other cases of this nature.

The laws of the People's Republic of China governing the banking industry prohibit financial institutions from disclosing information relating to customer accounts in violation of the applicable laws and regulations. The PBOC and the CBRC are responsible for enforcing these laws and formulating and enforcing the relevant specific measures to implement these laws. We hereby respectfully urge now that Magistrate Judge Pitman's order invoking the Hague Convention be upheld and followed in these cases and any future cases. In light of the importance of these cases, the PBOC and the CBRC hereby reiterate the following positions:

1. <u>Chinese Law Prohibits Commercial Banks from Releasing Customer Information Outside China Pursuant to a Foreign Court Order</u>

Chinese laws and administrative regulations explicitly provide an affirmative obligation on banks to maintain the confidentiality of customer information and prohibit banks from disclosing customer account information without the customer's permission. China's Banking Law provides that, without authorization from the customer, commercial banks are permitted to inquire into, freeze and deduct funds from accounts in China only when the request is from a Chinese judicial department or government agency that has express authority under applicable laws or administrative regulations. Consistent with notions of public international law and the civil law tradition, a foreign court (including a U.S. court) is not considered to be a Chinese judicial department or government agency with express authority under the above-mentioned laws and administrative regulations. Therefore, China's commercial banks (including those involved in the above-mentioned cases) may not disclose outside China their clients' account information or freeze or deduct funds from such accounts pursuant to a U.S. court's order.

The Chinese government has material interests in strictly enforcing the above-mentioned laws to effectively protect the information of bank clients. The PRC banking system is relatively new and is still developing in the face of fierce competition from abroad in the current process of globalization. It is of vital importance to China, a country with a relatively underdeveloped financial sector, to strictly ensure the security of information of bank clients since this will help engender client confidence in the banking system and therefore promote the further development of the banking system.

2. <u>The PBOC and the CBRC urge U.S. courts to employ the Hague Convention in order to avoid a conflict between PRC law and U.S. law</u>

China is a signatory to the Hague Convention on the Taking of Evidence in Civil and Commercial Matters (the "Hague Convention") and has a favorable track record of implementing this convention. Upon approval by the PRC Ministry of Justice of a request for taking evidence made by a U.S. court pursuant to the Hague Convention, a PRC judicial organ will send the request to the relevant commercial bank. The commercial bank may then provide the U.S. court with the relevant information according to the request forwarded by the PRC judicial organ. This practice is wholly consistent with applicable provisions of PRC laws and will avoid unnecessary conflicts of law between the two countries. Therefore, we concur with Magistrate Judge Pitman's decision dated 25 July 2011, which directed use of the Hague Convention to seek information from within the PRC. Further, we would expect that U.S. courts, in hearing other similar cases in the future, will rely on that decision and require parties seeking information relating to a bank account in China to rely on the Hague Convention to request information that is directly and closely related to the case. The PBOC and the CBRC are committed to actively coordinating with the PRC Ministry of Justice and judicial organs in the PRC to ensure that they satisfy the requests for seeking

evidence under the Hague Convention within a reasonable time period and by following the procedures thereunder.

3. The U.S. and the PRC Have Already Reached Important Consensus on Cross-Border Legal Cooperation

China and the U.S. hold a Strategic and Economic Dialogue (S&ED) each year. Established in April 2009 by Chinese Premier Hu Jintao and U.S. President Obama, this dialogue has served as the highest level bilateral forum between the two countries. Cross-border legal cooperation has been one of the major topics at this forum. For the mutual benefit of both countries, the two governments have reached an important consensus that bilateral mechanisms should be preferred to unilateral actions in cross-border legal enforcement. These bilateral mechanisms include the Hague Convention, the Agreement between the People's Republic of China and the United States of America on Mutual Judicial Assistance in Criminal Matters and the U.S.-China Joint Liaison Group on Law Enforcement Cooperation (JLG), etc. As a member of the Chinese delegation, the PBOC participated in the S&ED and JLG meetings and had constructive discussions with the U.S. delegation. We would like to bring to the attention of your honorable judges that a U.S. court to enforcing a subpoena to compel production of bank account information in China or ordering a Chinese bank to freeze or turn over client assets in China violate the above-mentioned important consensus. This action will have an unnecessary adverse impact on further discussions and cooperation between China and the U.S. under the S&ED and JLG.

4. The PBOC and CBRC are Investigating the Recent Production of Information by the Bank of China in Response to Judge Sullivan's Order

It has come to our attention that the Bank of China has produced documents relating to accounts located in China in accordance with Judge Sullivan's August 23, 2011 order. Bank of China's production of information constitutes a violation of Chinese banking laws and regulations. We have already issued a severe warning to the bank and we are conducting further investigation to evaluate the severity of the infraction and determine the appropriate sanctions.

We solemnly confirm that the PBOC and the CBRC rigorously implement China's banking laws and regulations and are committed to the strict protection of the account information of Chinese bank clients. We prohibit any disclosure of information or turn over of assets in violation of Chinese law. We respectfully urge the honorable judges in the course of adjudicating matters going forward to take full consideration of the material interests of the Chinese Government in implementing Chinese banking laws and regulations protecting Chinese bank clients and promoting the development of China's banking industry.

Respectfully Submitted,

[NAME] Zhou Xuedong
[Title] Director-General, Legal Affairs Department of People's Bank of China

November 3, 2011

[NAME] Liu Xiaoyong (on behalf of Director-General Huang Yi)
[Title] Deputy Director-General, Supervisory Rules & Regulations Department of China Banking Regulatory Commission

November 3, 2011

4