UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUCCI AMERICA, INC., ET AL.,

        Plaintiffs,

– against –

WEIXING LI, ET AL.,

        Defendants.

10 Civ. 4974 (RJS)

ECF CASE

## NON-PARTY BANK OF CHINA'S
## REPLY MEMORANDUM IN FURTHER SUPPORT
## OF ITS MOTION FOR RECONSIDERATION OF AND
## RELIEF FROM THE COURT'S AUGUST 23, 2011 ORDER

ALLEN & OVERY LLP
Pamela Rogers Chepiga
Andrew Rhys Davies
Andrew H. Reynard
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300

January 9, 2012

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT .............................................................................................................................3

I.       THE COURT SHOULD REJECT PLAINTIFFS' MERITLESS
PROCEDURAL ARGUMENTS ...................................................................................3

II.      ON THE MERITS, THE COURT SHOULD GRANT BOC RELIEF
FROM THE AUGUST 23 ORDER .............................................................................6

CONCLUSION ........................................................................................................................10

## **TABLE OF AUTHORITIES**

**CASES**

*Am. Civil Liberties Union v. Dept. of Defense*,
  406 F. Supp. 2d 330 (S.D.N.Y. 2005)..................................................................................8

*BFI Gr. Divino Corp. v. JSC Russian Aluminum*,
  247 F.R.D. 427 (S.D.N.Y. 2007) .........................................................................................7

*Clinton v. Brown & Williamson Holdings, Inc.*,
  652 F. Supp. 2d 528 (S.D.N.Y. 2009)..................................................................................5

*DC Comics, Inc. v. Powers*,
  482 F. Supp. 494 (S.D.N.Y. 1979).......................................................................................5

*D'Angelo v. State Farm Fire & Cas. Co.*,
  32 F. App'x 604 (2d Cir. 2002)............................................................................................9

*Dunlop v. Pan Am World Airways, Inc.*,
  672 F.2d 1044 (2d Cir. 1982)...............................................................................................9

*Frankel v. ICD Holdings* S.A.,
  939 F. Supp. 1124 (S.D.N.Y. 1996).....................................................................................8

*F. Hoffman-La Roche Ltd. v. Empagran S.A.*,
  542 U.S. 155 (2004)...........................................................................................................10

*Hageman v. City Investing Co.*,
  851 F.2d 69 (2d Cir. 1988)...................................................................................................4

*JW Oilfield Equip, LLC v. Commerzbank AG*,
  764 F. Supp. 2d 587 (S.D.N.Y. 2011)................................................................................10

*Lazzarino v. Kenton Assocs, Ltd.*,
  96 Civ. 7842 (RO), 1999 U.S. Dist. LEXIS 8581 (S.D.N.Y. June 9, 1999).......................5

*Lykes Pasco, Inc. v. Ahava Dairy Prods. Corp.*,
  No. CV-97-0652, 1998 WL 427570 (E.D.N.Y. Jan. 26, 1998) ...................................... 8-9

*Mallory v. Eyrich*,
  922 F.2d 1273 (6th Cir. 1991) .............................................................................................4

*Nemaizer v. Baker*,
  793 F.2d 58 (2d Cir. 1986)...................................................................................................9

*Richman v. W.L. Gore & Assocs.*,
    988 F. Supp. 753 (S.D.N.Y. 1997).................................................................................5

*Ryan v. U.S. Lines Co.*,
    303 F.2d 430 (2d Cir. 1962)..........................................................................................8

*SEC v. Wojeski*,
    752 F. Supp. 2d 220 (N.D.N.Y. 2010)................................................................2, 6, 8

*Société Nationale Industrielle Aerospatiale v. U. S. Dist. Ct. for the S. Dist. Of Iowa*
    482 U.S. 522 (1987).......................................................................................................9

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
    99 F.3d 538 (2d Cir. 1996)............................................................................................5

*United States v. Baus*,
    834 F.2d 1114 (1st Cir. 1987).......................................................................................4

*United States v. Constr. Prods. Research, Inc.*,
    73 F.3d 464 (2d Cir. 1996)............................................................................................4

*United States v. First Nat'l. City Bank*,
    396 F.2d 897 (2d Cir. 1968)..........................................................................................7

*United States v. Inc. Village of Island Park*,
    90 CV 992 (ILG), 2008 U.S. Dist. LEXIS 88677 (E.D.N.Y. Nov. 3, 2008)........................5

*United States v. Int'l Bhd. of Teamsters*,
    247 F.3d 370 (2d Cir. 2001)..................................................................................... 6-7

*United States v. Rodgers*,
    101 F.3d 247 (2d Cir. 1996)..........................................................................................6

*Zemo Leasing Corp. v. Bank of N.Y.,*
    158 Misc. 2d 991 (N.Y. Sup. Ct., Rockland County 1993).................................................1

**STATUTES**

28 U.S.C. § 1291......................................................................................................................4

Fed. R. Civ. P. 54(b) ................................................................................................................5

Fed. R. Civ. P. 60(b)(6).............................................................................................................5

## MISCELLANEOUS

12-60 Moore's Federal Practice Civil § 60.23 (2011) ....................................................................4

Restatement (Third) of Foreign Relations Law § 442, Reporter's Note No. 9...............................10

Non-party Bank of China respectfully submits this reply memorandum in further support of its motion for reconsideration of and relief from the August 23 Order (the "Motion").[1]

## PRELIMINARY STATEMENT

Betraying their strong preference that the Court not consider the impact of the Chinese Regulators' Letter on the comity analysis in the August 23 Order—an analysis that the Court acknowledged was "far from completely one-sided" even before the Chinese Regulators sent their Letter—plaintiffs' opposition rests in large part on procedural objections, combined with irrelevant (and false) inflammatory accusations that BOC has violated the August 23 Order by failing to produce documents.[2]

Plaintiffs' arguments include such trifling matters as a complaint that the translation of the Chinese Regulators' Letter was not accompanied by a certificate of accuracy, and even an insinuation that it might not be genuine because it does not comply with the

---

[1]   Capitalized terms bear the meanings assigned to them in BOC's Memorandum of Law dated November 30, 2011 ("Mem").

[2]   Contrary to plaintiffs' invective comments (*see* Opp. at 22-23), which they do not even try to connect to the legal standard applicable to this Motion (confirming that those comments have been included purely for prejudicial purposes), BOC has not violated the August 23 Order by failing to produce documents responsive to the Subpoena. To the contrary, BOC has notified Plaintiffs that it has produced all documents responsive to the Subpoena, which identified only two accounts. (*See* Reynard Decl. Ex. H at 2). Plaintiffs are correct that BOC has not produced documents relating to the additional seven accounts identified in the 2011 Subpoena, which was not the subject of the August 23 Order, and, for the reasons set forth herein, does not believe it should be required to do so.

Nor can Plaintiffs plausibly contend that BOC "allowed Defendants to close two of their accounts" (Halter Decl. Ex. A at 5) after BOC's New York Branch was served with the temporary restraining order issued by this Court on Friday, July 9, 2010 (the "TRO") after business hours were closed in China. We have informed plaintiffs (*see* Reynard Decl. Ex. H) that both accounts at issue were closed on Sunday, July 11, 2010—not even one business day after the TRO was served on BOC. *See, e.g., Zemo Leasing Corp. v. Bank of N.Y.*, 158 Misc. 2d 991, 993 (N.Y. Sup. Ct., Rockland County 1993) ("[T]he principal of commercial reasonableness should . . . apply in the context of restraining notices so that a bank . . . is afforded a reasonable period of time to process the document and put a hold on the subject account.").

(obviously inapplicable) self-authentication requirements for a foreign affidavit submitted at trial.

As BOC demonstrated in its moving papers, and further demonstrates herein, the Chinese Regulators' Letter shows that several of the fundamental grounds on which the August 23 Order was based are simply incorrect.  Under these circumstances, and in order to promote judicial and party efficiency, this Court should reconsider and grant BOC relief from the August 23 Order.

As an initial matter, plaintiffs' contention that the August 23 Order is not sufficiently "final" for purposes of Federal Rule of Civil Procedure 60(b) is unsupported by the cases they cite.  "Finality" for purposes of Rule 60(b) is not coterminous with whether a judgment is sufficiently "final" to be appealed, and plaintiffs cite *no* cases in which a *non-party* was prevented from obtaining reconsideration of or relief from an order under Rule 60(b) where its rights were, for all intents and purposes, *finally* adjudicated by an order—as BOC's were here. Moreover, even if the Court agreed with plaintiffs that relief is not available under Rule 60(b), that would not warrant the denial of BOC's motion, as the relief BOC seeks would be available from several other sources, including Federal Rule of Civil Procedure 54(b) and Local Civil Rule 6.3, and courts routinely address motions for reconsideration interchangeably under all those Rules, as well as under the its inherent power.

Further, as a substantive matter, plaintiffs' arguments under Rule 60(b)(2) are simply incorrect.  Crucially, plaintiffs offer no meaningful response to the primary argument in support of BOC's motion—that the Chinese Regulators' Letter "change[s] the result of the prior ruling." *SEC v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010).  Instead, plaintiffs merely speculate that BOC will not be sanctioned for its past production of documents in response to the

August 23 Order or for future productions, in the face of the Chinese Regulators' express statement that they are evaluating what sanctions are appropriate for BOC's production that they have determined violated China's bank privacy laws.

With respect to the secondary elements of Rule 60(b)(2), too, plaintiffs' arguments fail. As plaintiffs themselves effectively concede (*see* Opp. at 14), the Chinese Regulators' Letter reflects facts that existed at the time of the August 23 Order, and the Chinese Regulators' Letter itself could not have been discovered in the exercise of due diligence before August 23, 2011 because it did not then exist—indeed, it was sent to the Court *in response to* that Order. Nor can the Chinese Regulators' letter possibly be cumulative of other evidence such as the expert affidavits previously submitted by BOC because, *inter alia*, it, uniquely, provides *China's* statement of the importance of its banking privacy laws and its intention to enforce those laws, and also confirms that many of the assumptions made by the Court in the absence of the Chinese Regulators' Letter were incorrect.

Alternatively, if the Court does not find that the Chinese Regulators' Letter constitutes "newly discovered evidence," the Court should grant BOC's motion under Rule 60(b)(6). The August 23 Order clearly imposes an undue hardship on BOC because it requires BOC to violate Chinese banking laws that the Chinese Regulators consider to be of "vital importance" and that they intend to "rigorously implement." (Reynard Decl. Ex. I at 2-3.)

For all these reasons, more fully advanced below, BOC respectfully requests that the Court reconsider and grant BOC relief from the August 23 Order.

## ARGUMENT

**I.    THE COURT SHOULD REJECT PLAINTIFFS' MERITLESS PROCEDURAL ARGUMENTS.**

In support of their argument that the August 23 Order is not sufficiently "final"

for purposes of Rule 60(b), plaintiffs cite one Second Circuit case that does not discuss Rule 60(b) at all, *see United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 468 (2d Cir. 1996), and a number of District Court cases that compare the "finality" standard under Rule 60(b) to the standard for appealability under 28 U.S.C. § 1291. (*See* Opp. at 7-8.) Plaintiffs fail to recognize, however, that "there are . . . some situations under which 'appealability' and 'finality' for Rule 60(b) purposes are not exactly identical." 12-60 MOORE'S FEDERAL PRACTICE—CIVIL § 60.23 (2011) (citing *United States v. Baus*, 834 F.2d 1114, 1118-1119 (1st Cir. 1987) and *Mallory v. Eyrich*, 922 F.2d 1273, 1276-1279 (6th Cir. 1991)). This case presents just such a situation, because BOC is a non-party whose interests pertaining to the Preliminary Injunction and Subpoena have, for all intents and purposes, been "finally" decided by the August 23 Order.[3]

Indeed, none of the cases plaintiffs cite for the proposition that the August 23 Order is not "final"—not one—involves a *non-party* such as BOC. (*See* Opp. at 7-8.) Under the circumstances of this case, therefore, the Court should find that, for purposes of Rule 60(b), the August 23 Order is effectively "final" by virtue of the BOC's status as a non-party that would, absent the Preliminary Injunction and the Subpoena, not even be involved in this action.[4]

Moreover, even if the Court were to accept plaintiffs' "finality" argument, that would not, as plaintiffs assume, warrant the denial of BOC's Motion. To the contrary, orders that are non-final for purposes of Rule 60(b) are "left subject to the complete power of the court

---

[3] Thus, plaintiffs correctly do not dispute that BOC is "strongly affected" by the August 23 Order such that it has standing to bring a Rule 60(b) motion. *See* Mem. at 6 n.5.

[4] Although BOC has not found a case directly on point with respect to this issue—likely because non-parties are typically not involved in Rule 60(b) motions because their interests are not sufficiently affected as BOC's are here, *see supra* note 3—courts generally interpret the "finality" requirement flexibly to further the interests of justice and judicial efficiency. *See, e.g.*, *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988) (recognizing "that there are certain advantages to preserving some flexibility in . . . making finality determinations"); *Baus*, 834 F.2d at 1119 ("In determining [finality], a practical rather than technical approach should be

rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60(b), Advisory Committee's Note to 1946 Amendment. Thus, "a district court is vested with the power to revisit its decisions before the entry of final judgment and is free from the constraints of Rule 60 in so doing." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996); *see also Lazzarino v. Kenton Assocs, Ltd.*, 96 Civ. 7842 (RO), 1999 U.S. Dist. LEXIS 8581, at *4 n.1 (S.D.N.Y. June 9, 1999) (same). Further, "[t]he Court has authority under Federal Rule of Civil Procedure 54(b), as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment." *Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009) (citing *Richman v. W.L. Gore & Assocs.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997)).[5]

In addition, Plaintiffs are wrong that BOC's motion is, if viewed as a motion for reconsideration of an interlocutory order, barred by Local Civil Rule 6.3. (Opp. at 21.) First, Rule 54(b) permits reconsideration "at any time before entry of judgment adjudicating all the claims and the rights of the parties." Fed. R. Civ. P. 54(b). Second, even under Local Rule 6.3, the Court "retains discretion to consider a motion for reargument notwithstanding the movant's failure to comply with Local Rule 6.3's requirements . . . when justice so requires." *Clinton*, 652 F. Supp. 2d at 530 (citing *Richman v. W.L. Gore & Assocs.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997)); *see also Incorporated Village*, 2008 U.S. Dist. LEXIS 88677, at *14 ("courts have permitted a motion for reconsideration to be brought after the ten day period, if there is adequate justification for ignoring it"). Clearly, BOC had "adequate justification" for not moving for

---

used.").

[5]  *See also United States v. Inc. Village of Island Park*, 90 CV 992 (ILG), 2008 U.S. Dist. LEXIS 88677, at *6-*7 (E.D.N.Y. Nov. 3, 2008) (same); *DC Comics, Inc. v. Powers*, 482 F. Supp. 494, 496 (S.D.N.Y. 1979) ("a trial court has plenary power over its interlocutory orders until a final judgment has been entered").

reconsideration by the Rule 6.3 deadline, which expired on September 6, 2011, almost two months *before* the Chinese Regulators sent the letter that forms the basis for this Motion.

Finally, the interests of justice and the conservation of resources of the parties, this Court and the Court of Appeals all militate in favor of this Court reconsidering the August 23 Order now, whether under the Court's inherent authority, Rule 54(b), Rule 60(b), or Local Civil Rule 6.3.[6] Otherwise, there is the substantial possibility that the Court of Appeals will simply remand BOC's appeal in order for this Court to determine how the Chinese Regulators' Letter impacts the comity analysis, but only after the parties and the Court of Appeals have devoted considerable resources to the appeal. Moreover, if this Motion is denied on procedural grounds alone, it is very possible that additional motion practice before this Court will be required in light of the Chinese Regulators' Letter.

For all the foregoing reasons, the Court should reject Plaintiffs' procedural arguments, and address the substance of BOC's Motion.

## II. ON THE MERITS, THE COURT SHOULD GRANT BOC RELIEF FROM THE AUGUST 23 ORDER.

Like their primary, procedural arguments, Plaintiffs' remaining arguments are meritless, such that the Court should grant BOC relief from the August 23 Order.

*First*, plaintiffs fail to offer any meaningful response to the most important argument in support of the Motion—that the Chinese Regulators' Letter "would probably change the result of the prior ruling." *Wojeski*, 752 F. Supp. 2d at 223; *see also United States v. Int'l*

---

[6] The Court may reconsider under its inherent authority, Rule 54(b) or Local Civil Rule 6.3 its decision denying BOC's motion to modify the Preliminary Injunction even though that portion of the August 23 Order is on appeal because the divestiture rule is "not a per se rule," and is "designed to avoid confusion or waste of time resulting from having the same issues before the two courts at the same time," *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996)—which is exactly what BOC has sought to avoid through its Motion and concomitant stay of the appeal.

*Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).  They ignore entirely the fact that the Chinese Regulators' Letter squarely contradicts two of the central bases of the August 23 Order—that China has no substantial interest in enforcement of its banking privacy laws, and that the Hague Convention would not provide a realistic alternative for plaintiffs to obtain the evidence they seek.  (*See* Mem. at 9-12.)[7]  As to the likelihood that BOC will face harm if required to violate Chinese law, Plaintiffs offer only speculation that because BOC has not *yet* been punished for a production it made only three months ago, it will not be punished for that or future productions (*see* Opp. at 15), which is nonsensical when the Chinese Regulators have made clear that they are considering what sanctions are appropriate.  (Reynard Decl. Ex. I at 3.)[8]

        *Second*, plaintiffs are incorrect, both in arguing that the Chinese Regulators' Letter is not "newly discovered evidence . . . of facts that existed at the time of [the August 23 Order]," and that it is "cumulative" of other evidence submitted by BOC prior to the August 23 Order.  (Opp. at 9, 13-14.)  The Chinese Regulators' Letter is not cumulative because it is the first and only definitive expression *by China* of its interest in this matter[9] and, as plaintiffs

---

[7]     Plaintiffs' reliance on *Munoz v. China Expert Technology, Inc.,* No. 07 Civ. 10531 (AKH) (S.D.N.Y. Nov. 7, 2011) is wholly misplaced.  (Opp. at 15 n.6.)  In that case, the court determined that the "balance of national interests" was the most important factor in the comity analysis, and that it weighed in favor of production under the Federal Rules because the defendant, unlike BOC, was a U.S.-incorporated company whose shares traded in the U.S., who filed disclosures with the SEC, and whose alleged fraud affected U.S. investors and markets.  *Id.* at 3.  Importantly, the ruling applied to production by the *defendants*, and explicitly did not apply to "discovery of third parties."  *Id.* at 5.

[8]     Equally absurd is plaintiffs' unsupported contention that the Chinese Regulators' interest should be disregarded unless they formally "intervene" in this action.  (*See* Opp. at 16.)  To the contrary, the Second Circuit has made clear that a regulation or order promulgated by a country's banking authority may carry more weight than criminal statutes or other laws, due to the extreme power the regulator holds over the bank.  *See United States v. First Nat'l. City Bank*, 396 F.2d 897, 899 (2d Cir. 1968).

[9]     This fact clearly distinguishes this case from *BFI Group Divino Corp. v. JSC Russian Aluminum*, 247 F.R.D. 427, 431 (S.D.N.Y. 2007), where, unlike here, the movant simply submitted additional reports from the same (or less authoritative) sources.  *Id.*

effectively concede (*see* Opp. at 19), the facts reflected in the Chinese Regulators' Letter *were* in existence as of the date of the August 23 Order. The Chinese Regulators' Letter simply evidences those facts, in a manner that undermines the Court's conclusions on the most important factors in the comity analysis. (*See* Mem. at 9-14.)[10] Similarly meritless is plaintiffs' argument that BOC did not exercise due diligence by "attempt[ing] to reach out to (or obtain an opinion from) PBOC or CBRC" prior to the August 23 Order. (Opp. at 11.) The Chinese Regulators sent their Letter to the Court *in response to* the August 23 Order. (*See* Reynard Decl. Ex. I at 1.) No amount of "diligence" could have allowed—let alone, required—the Chinese Regulators to express China's interests with respect to an Order that did not even exist.

*Third*, continuing their relentless theme of procedure over merits, plaintiffs complain that the Chinese Regulators' Letter does not meet the standard for self-authentication of a foreign *affidavit* under Federal Rule of Evidence 902(3) (*see* Opp. at 12-13), a misguided complaint because the Chinese Regulators' Letter is not, and does not purport to be, an affidavit.[11] Moreover, the Chinese Regulators' Letter need only be "admissible" for purposes of this motion practice, *see, e.g.*, *Wojeski*, 752 F. Supp. 2d at 223 (finding in favor of

---

[10]   *Ryan v. United States Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962) cannot support the weight that plaintiffs place on it. (Opp. at 10.) The "facts underlying the new evidence" in that case were *not* the "movant's pre-judgment injuries" (*id.*), but rather the "results of *new* physical examinations" containing facts not previously in existence. *Ryan*, 303 F.2d at 434 (emphasis added). Further, the court in *Am. Civil Liberties Union v. Dept. of Defense*, 406 F. Supp. 2d 330, 332 (S.D.N.Y. 2005) did not even decide the Rule 60(b) motion on the grounds that the evidence was not "newly discovered," *see id.* ("It is with respect to the *last two elements* that plaintiffs' request for relief is insufficient under Rule 60(b)(2).") (emphasis added), and the movant in *Frankel v. ICD Holdings S.A.*, 939 F. Sup. 1124, 1127 (S.D.N.Y. 1996) simply offered as newly discovered evidence a report from the *same entity* that had previously submitted reports to the court containing the same information, which is vastly different than the Chinese Regulators' Letter here.

[11]   Nor does *Lykes Pasco, Inc. v. Ahava Dairy Prods. Corp.*, No. CV-97-0652, 1998 WL 427570, at *3 (E.D.N.Y. Jan. 26, 1998) help plaintiffs. (Opp. at 12.) There, "[t]he supposed recipient of the letter" that the movant claimed was newly discovered evidence "denie[d] ever

reconsideration under Rule 60(b)(2) where newly discovered evidence was "admissible on the SEC's motion for a preliminary injunction"), which, as with all of the other documents attached to declarations in support of these motions (*see, e.g.*, Docket Nos. 36, 40, 48 and 53), it clearly is.[12] Similarly meritless is plaintiffs' complaint that the translation of the Chinese Regulators' Letter was not accompanied by a certification of accuracy, and plaintiffs conspicuously fail to contend that it is actually inaccurate in any respect.[13]

*Finally*, even if the Court does not consider the Chinese Regulators' Letter to be "newly discovered evidence," the Court should exercise its "grand reservoir of equitable power" and grant BOC's Motion under Rule 60(b)(6).[14] *Dunlop v. Pan Am World Airways, Inc.*, 672 F.2d 1044, 1051 (2d Cir. 1982). As BOC has explained (Mem. 9-14), the August 23 Order works "an extreme and undue hardship" on BOC, *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) (citing *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)), because it forces BOC to either be held in contempt in the U.S., on the one hand, or face sanctions in China (as confirmed by the Chinese Regulators' Letter), on the other. (Reynard Decl. Ex. I at 3.)[15] With respect to the Preliminary Injunction, moreover, the August 23 Order

---

having seen the letter." *Pasco*, 1998 WL 427570, at *3.

[12] Indeed, BOC is a non-party who has never been named in the Complaint and thus will not appear in any trial in which "admissibility" will be at issue.

[13] If the Court should require a certification of the accuracy of the translation of the Chinese Regulators' Letter, BOC is happy to provide one.

[14] Plaintiffs fail entirely to acknowledge that BOC invokes Rule 60(b)(6) "in the alternative" (Mem. at 9), thus the cases they cite for the proposition that a party cannot obtain relief under Rule 60(b)(6) where relief under Rule 60(b)(2) is available (Opp. at 8-9) are inapposite.

[15] Plaintiffs' suggestion that the Court should disregard such a conflict as a risk BOC assumed by deciding to engage in international commerce (*see* Opp. at 20) is wholly inconsistent with the comity analysis required by Second Circuit and Supreme Court case law. *See, e.g.*, *Société Nationale Industrielle Aerospatiale v. United State District Court for the Southern District of Iowa*, 482 U.S. 522, 545 (1987). Moreover, it is notable that most of the cases that

should be reconsidered under Rule 60(b)(6) because, contrary to plaintiffs' assertions (Opp. at 18-19), the Court did not conduct a comity analysis. (*See* August 23 Order at 2-4.)[16] The Chinese Regulators' Letter illustrates that the Court *should* have conducted such an analysis because it confirms that Chinese banks may not freeze their customers' assets based on a U.S. court order under these circumstances (Reynard Decl. Ex. I at 2), and that banks will face sanctions if they violate Chinese law by freezing their customers' accounts absent such consent or authorization. (*Id*. at 3.) This is yet another "reason that justifies relief" from the August 23 Order. Fed. R. Civ. P. 60(b)(6).

## **CONCLUSION**

For all the foregoing reasons, the Court should grant BOC's motion for reconsideration of and relief from the Court's August 23, 2011 Order.

---

plaintiffs cite in support of that argument involve criminal proceedings, in which, unlike the purely private litigation at issue here, the interests of the United States are manifestly very substantial. *See F. Hoffman-La Roche Ltd. v. Empagran S.A*., 542 U.S. 155, 171 (2004) (noting that "private plaintiffs . . . often are unwilling to exercise the degree of self-restraint and consideration of foreign governmental sensibilities generally exercised by the U.S. Government."); Restatement (Third) of Foreign Relations Law § 442, Reporter's Note No. 9 ("requests by private parties, particularly private plaintiffs, should be scrutinized more carefully than requests initiated by the United States government" because private parties tend to have less "concern for the national interest").

[16]     Plaintiffs have it exactly backwards with their citation of *JW Oilfield Equip, LLC v. Commerzbank AG*, 764 F. Supp. 2d 587, 597 (S.D.N.Y. 2011) in support of the proposition that this Court conducted such an analysis. (Opp. at 18-19.) That Judge Castel *did* conduct a comity analysis with respect to a turnover proceeding only underscores the fact that this Court should

| | |
|---|---|
| Dated:   New York, New York<br>            January 9, 2012 | ALLEN & OVERY LLP<br><br>By:  /s/ Andrew Rhys Davies<br>     Pamela Rogers Chepiga<br>     pamela.chepiga@allenovery.com<br>     Andrew Rhys Davies<br>     andrew.rhys.davies@allenovery.com<br>     Andrew H. Reynard<br>     andrew.reynard@allenovery.com<br><br>1221 Avenue of the Americas<br>New York, New York 10020<br>Tel: 212-610-6300<br>Fax: 212-610-6399<br><br>*Attorneys for non-party Bank of China* |

---

have—but *did not*—conduct such an analysis here.  (*See* August 23 Order at 2-4.)