# EXHIBIT 2

# 北京市朝阳区人民法院

# 民事判决书

（2014）朝民初字第 25377 号

原告中国银行股份有限公司北京朝阳支行，住所地北京市朝阳区东三环北路霞光里 18 号。

代表人黄晓娟，行长。

委托代理人郑跃杰，北京市君合律师事务所律师。

委托代理人傅长煜，北京市君合律师事务所律师。

被告赵培媛，女，1943 年 9 月 25 日出生，满族，北京钢琴厂退休职工，住北京市朝阳区芳园里甲 13 号楼 1 单元 16 号，公民身份号码 110105194309256129。

委托代理人陈鹏，北京市中盾律师事务所律师。

被告徐婷，女，1970 年 6 月 10 日出生，满族，无业，住同赵培媛，公民身份号码 11010519700610616X。

委托代理人陈鹏，北京市中盾律师事务所律师。

被告徐雷，男，1972 年 3 月 25 日出生，满族，无业，住同赵培媛，公民身份号码 110105197203256132。

委托代理人陈鹏，北京市中盾律师事务所律师。

原告中国银行股份有限公司北京朝阳支行（以下简称原告）与被告赵培媛、徐婷、徐雷（以下简称三被告）侵权责任纠纷一案，本院受理后，依法组成合议庭，公开开庭进行了审理。原告的委托代理人郑跃杰、被告的委托代理人陈鹏到庭参加了诉讼。本案现已审理终结。

原告诉称：被告赵培媛是被告徐婷及徐雷的母亲，被告徐婷是被告徐雷的姐姐，2009 年至 2011 年间，徐婷在我行开立了大量账户。

2010 年 6 月，因被告及其整个家族涉嫌在美国制造、销售假冒古驰美国公司等商标的产品，并将相关收益汇回中国国内，古驰美国公司等七家公司（以下称"古驰公司等"）向美国纽约南区地方法院（以下称"纽约南区法院"）提起了诉讼，要求被告停止侵权，赔偿损失。

但被古驰公司等起诉后，被告却拒绝出庭应诉，未向纽约南区法院提交任何文件，也未按纽约南区法院的裁决对古驰公司等的取证请求作出回应，导致美国纽约南区地方法院作出预先禁令及命令，要求中国银行冻结被告在中国境内开立的账户中的资金，并要求中国银行按照古驰公司传票的要求，提供被告的所有账户信息及其他文件。

为避免被美国法院强制要求披露被告账户信息、冻结被告账户资金，中国银行不得不聘请了美国律师及专家证人，对纽约南区法院的预先禁令及命令提出反对意见，并向其提出了动议。但最终，2012 年 11 月 15 日，纽约南区法院认为中国银行未遵守其预先禁令及命令，判令中国银行在民事上藐视法庭，并裁定对中国银行处以强制性罚款。在这一过程中，中国银行支付了大量的律师费用、专家费用与其他办案费用。截止目前，上述费用折合人民币已达 5 534 595 元。虽然中国银行曾多次要求被告通过出庭或授权中国银行提供其账户信息等方式解决相关纠纷，但被告却一直予以拒绝。最终，因被告系在我行处开立账户，上述费用均由我行承担。

我行认为，被告涉嫌在美国从事制造、销售假冒商标的商品的违法行为，并在我行处开立账户，将相关收益汇回国内，导致中国银行被卷入美国诉讼，同时，被告在被起诉后，拒绝应诉，最终导致美国法院对中国银行作出了强制禁令及命令，使中国银行不得不进行应对，导致我行为此支付了大量费用，并很可能承受进一步的损失。被告的行为致使我行遭受了巨额损失，应承担相应的赔偿责任，同时，被告行为的实质上是利用中美司法管辖的冲突，逃避法律责任，不应受到法律的保护。为此，特根据《侵权责任法》第6条等相关规定，请求判令：1、被告赵培媛、徐婷、徐雷向我行赔偿损失共计人民币 5 534 595 元，并对我行的损失承担连带赔偿责任。

三被告辩称：一、对原告无侵权行为。我们在原告处开立账户，是依据《中华人民共和国商业银行法》实施的民事法律行为，在开立账户的过程中完全按照银行的要求进行了提交资料，无任何隐瞒或遗漏。因此开立账户的行为合法有效，不可能构成对原告的侵权。至于原告提到的在美国法院不出庭，不向法院提交文件等行为，我们有在美国法下对自己的民事诉讼权利处分的自由。自行承担对该权利处分所带来的诉讼后果。我们自己的行为与中国银行纽约分行无关，与原告无关，中国银行无权要求我们改变自身对诉讼权利的合法行使。实际上，中国银行在美国法院受到制裁，是美国法院司法霸权主义的结果，这样的一个结果根本不应由我们来承担。这是中国银行的海外投资所遭遇的政治风险，应该通过美国国内法，甚至通过外交途径解决。而不是不负责任地将这些责任转嫁到消费者身上，尤其是国内消费者身上。二、原告无任何实际损失。原告

3

是中国银行北京朝阳支行，原告的诉求却是为中国银行纽约分行寻求弥补损失。这是不符合法理的。中国银行北京朝阳支行与中国银行纽约分行是两个不同的主体，一个是国内主体，一个是外国主体。外国主体的损失，却由国内主体直接追索，既不符合国内法，也不符合国际法。况且，中国银行纽约分行到目前为止，亦没有实际向美国法院缴纳罚款，中行纽约分行的案件仍在审理中。所以说原告无任何实际损失。三、原告与我们之间的纠纷已经由北京市高级法院（2014）高民终字第 585 号民事判决书作出了终审裁决，已经判决原告无条件解除对我们账户的冻结。而原告无视生效判决，故意捏造侵权责任纠纷的案由，滥用诉权，提起诉讼。这一行为已经违反了我国民事诉讼法一事不再理的民事诉讼基本原则，是对我国日益紧张的司法资源的浪费。对于这一行为，建议法院对原告予以制裁。综上所述，我们并没有任何侵权行为，原告也没有实际损失，我们的合法行为与原告境外联行支行的支出之间更没有直接的因果关系，我们对原告构成侵权，没有任何的法律依据。相反地，原告无视司法权威，滥用诉权，浪费司法资源，应当予以制裁。因此，请求驳回原告的起诉。

经审理查明：徐婷、徐雷姐弟系赵培媛之子女。

2009 年至 2011 年期间，赵培媛、徐婷、徐雷在中国银行股份有限公司北京丽都饭店支行（以下简称中行丽都饭店支行）开立多个账户。

赵培媛、徐婷、徐雷因在美国涉嫌侵权，被古驰公司等起诉，在诉讼过程中，美国法院作出预先禁令及证据发现令，中国银行纽约分行亦参与到在美国法院进行的诉讼中。

期间，中行丽都饭店支行冻结了赵培媛、徐婷、徐雷的银行帐户。赵培媛、徐婷、徐雷诉至法院，要求中行丽都饭店支行立即解除对赵培媛、徐婷、徐雷在中行丽都饭店支行的所有存款的冻结状态。

北京市第二中级人民法院作出（2013）二中民初字第 01275 号民事判决书，在该案，查明以下事实：赵培媛自 2009 年 8 月 1 日至 2011 年 4 月 26 日在中行丽都饭店支行办理了 3 笔礼仪存单，金额 257 269.7 元；8 笔定期存单，金额 510 000 元；两个活期存折，金额 120 683.11 元；1 笔国债买卖，金额 440 000 元；4 笔理财产品，金额 373 000 元；共计 1 700 961.64 元。徐婷自 2009 年 6 月 11 日至 2011 年 4 月 8 日在中行丽都饭店支行办理了 5 笔礼仪存单，金额 416 845.58 元；1 张贵宾卡 2013 元；两个活期存折，金额 3358.81 元，2 笔理财产品，金额 679 000 元；共计 1 101 217.39 元。徐雷自 2010 年 8 月 17 日至 2011 年 4 月 8 日在中行丽都饭店支行办理了 2 笔礼仪存单，共计金额 154 553.53 元。

上述款项的定期存款、国债及理财产品按照首期的存期及交易期限均已到期。各方当事人对赵培媛、徐婷、徐雷在中行丽都饭店支行涉案的包括账号数、客户名称、交易账号、开立日期、相关业务、交易日期、主要开立文件、本金、首期到期日、转存状态、转存到期日等账户信息均无异议。

赵培媛、徐婷、徐雷称自 2011 年 6 月 10 日之后在中行丽都饭店支行开立的账户中的所有款项均不能支取，银行的工作人员只以口头及电话方式告知因徐婷在美国与古驰公司有知识产权纠纷，故所有款项予以冻结不能支取，但不给出具任何书

5

面证明材料。中行丽都饭店支行认可停止赵培媛、徐婷、徐雷账户交易的时间，但主张根据赵培媛、徐婷、徐雷在银行办理各种业务时所签字确认的《个人账户开户及综合服务协议书》中销户或业务终止条款的约定，在赵培媛、徐婷、徐雷与其他第三方发生纠纷而致中国银行被卷入诉讼或致中国银行遭受损失，赵培媛、徐婷、徐雷涉嫌从事洗钱、欺诈、恐怖融资等非法行为，赵培媛、徐婷、徐雷账户涉嫌被洗钱、欺诈等非法行为利用的情形下，银行有权中止与赵培媛、徐婷、徐雷的业务往来、暂停相关账户交易。中行丽都饭店支行可以根据目前在美国法院涉及诉讼纠纷的事实，判断赵培媛、徐婷、徐雷存在上述情形，并有权中止与赵培媛、徐婷、徐雷的银行业务往来，暂停相关账户的交易服务，并非是冻结的行为。

庭审中查明，赵培媛、徐婷、徐雷在中行丽都饭店支行开立账户办理活期存款、定期存款、国债买卖、理财产品、银行卡、电子银行等业务，均发生在 2009 年 6 月至 2011 年 5 月期间，在 2009 年 10 月之前办理定期存款时，按照银行工作人员的要求填写了《开户申请书》，之后办理的定期、活期存款、中银理财贵宾卡均填写了《个人账户开户及综合服务申请表》，其背面系《个人账户开户及综合服务协议书》。购买国债产品时填写的《个人开户/综合服务申请书》，背面附有客户须知、中国银行个人结算账户管理协议书、中国银行长城电子借记卡章程。购买理财产品时填写了《个人理财产品业务交易信息确认单》。

在《个人账户开户及综合服务申请表》客户资料一栏的下方载明有如下文字：本人已阅读并了解本申请表中"中国银行股份有限公司个人账户开户及综合服务申请协议书"的有关条

款，并保证遵照该协议的有关约定、客户须知、服务协议和银行最新业务章程、业务规则、业务规定办理相关业务。并由赵培媛、徐婷、徐雷在"申请人签字"处签名确认。

2009 年 6 月至 2011 年 5 月期间，由中国银行股份有限公司制定并实施的《个人账户开户及综合服务协议书》销户或业务终止条款第（三）项约定：申请人违反本协议或其他银行相关规章制度或存在恶意操作、诋毁、损害银行声誉、恶意攻击银行电子银行系统等行为，或者申请人涉嫌从事洗钱、恐怖融资或其他违法犯罪行为，银行有权依据其认定的正当理由或风险控制等相关因素，中止或终止本协议及提供相关服务，并保留追究申请人责任的权利。协议终止并不意味着终止前所发生的未完成交易指令的撤销，也不能消除因终止前所发生的交易所带来的任何法律后果。

2011 年 7 月 1 日，中国银行股份有限公司启用新版本《个人账户开户及综合服务协议书》。将销户或业务终止条款第（三）项补充修改为：申请人涉嫌从事洗钱、欺诈、恐怖融资等非法行为，或违反法律法规、监管规定及相关国家政策，违反本协议或其他银行相关章程、业务规则、业务规定，或存在恶意操作、诋毁和损害银行声誉、恶意攻击银行电子银行系统等行为，或因申请人与其他第三方发生纠纷而致银行被卷入诉讼或遭受损失的，或申请人账户涉嫌被洗钱、欺诈等非法行为利用的，银行有权中止或终止本协议及提供相关服务并保留追究申请人责任的权利，申请人应承担因此给银行造成的损失，对于相关法院、其他司法机关或政府机关因扣划申请人资金而致银行资金被扣划的，银行有权扣划申请人资金予以补偿银行因此所受

的资金损失。协议终止并不意味着终止前所发生的未完成交易指令的撤销，也不能消除因终止前的交易所带来的任何法律后果。赵培媛、徐婷、徐雷认为上述条款均是格式条款，在与中行丽都饭店支行办理开户、存款手续时，均是按照银行柜台工作人员的指点和要求，在各种表格上签字，银行从来没有对协议的任何条款进行过解说，个人更无从知道《个人账户开户及综合服务协议书》何时启用了新版本及哪些条款进行了修改。因此对上述条款的合法性、有效性均存在异议，不予认可。中行丽都饭店支行则主张中国银行股份有限公司发布并不时更新的相关业务章程、业务规则、业务规定均为《个人账户开户及综合服务协议书》的有效组成部分，因此各个时期启用的《个人账户开户及综合服务协议书》中的条款规定，均自动适用到本案涉及的法律关系中，银行在公开的营业网点公告启用新协议版本。但在本案中，中行丽都饭店支行没有提交证据证明如何向赵培媛、徐婷、徐雷告知 2011 年 7 月 1 日启用新版本的《个人账户开户及综合服务协议书》。

另查明，2010 年 6 月，古驰公司等七家公司五个品牌在美国法院起诉徐婷及其丈夫徐立军等人，后于 2011 年 3 月 10 日追加起诉赵培媛、徐雷，称以上人员制造、销售假冒古驰公司等商标的产品，并将相关收益汇回中国国内。除徐立军的律师到场，其他人均未应诉答辩，也未按照美国法院命令向古驰公司等或法院提交任何资料。2010 年 7 月 12 日，美国法院作出预先禁令及证据发现令，禁止赵培媛、徐婷、徐雷等继续侵权行为，并命令上述三人的代理人、代表、继承人、银行等受禁令送达者，不得转移包括赵培媛、徐婷、徐雷等在境内中国银行

8

开立的账户中的资金等财产。2010 年 7 月 13 日及 16 日，古驰公司等向中国银行纽约分行送达上述禁令、证据发现令及在民事诉讼中提供文件、信息或物品或允许对营业场所进行检查的传票，要求中国银行采取必要措施遵守预先禁令的条款，提供赵培媛、徐婷、徐雷的账户信息。自 2010 年 7 月 21 日起，中国银行聘请美国律师，以案外当事人的身份向美国法院提交请求驳回古驰公司等申请强制执行发现令的动议及申请复议的动议，2011 年 8 月 23 日，美国法院作出命令，指令中国银行遵守古驰公司等的传票及预先禁令的要求，并驳回中国银行申请复议的动议，要求中国银行应于该命令作出之日起 14 天提供传票要求提供的信息。2011 年 9 月 22 日，中国银行就该命令向美国第二巡回上诉法院提起上诉。2011 年 11 月 30 日，中国银行还向美国法院提出动议，请求该院批准中国银行申请重审和豁免适用 2011 年 8 月 23 日命令的动议，判令古驰公司等必须通过《海牙公约》程序从中国银行寻求进一步的文件，并判令预先禁令的范围不涉及位于中国境内的账户。2012 年 5 月 18 日美国法院驳回中国银行申请重审的动议。2012 年 11 月 15 日，美国法院认定由于中国银行长达十四个月恶意地和故意地藐视 2011 年 8 月 23 日命令和根据禁令承担的证据披露义务，故构成藐视法庭，对中国银行处以 75 000 美元的强制罚款，若 7 日内仍未能遵守 2011 年 8 月 23 日命令，将于随后每日处以 10000 美元的强制性罚款，直到遵守命令。同时批准古驰公司等申请由中国银行支付因提起该藐视法庭动议而产生的合理律师费和诉讼费的请求。随后，中国银行针对藐视法庭的裁定向美国第二巡回上诉法院提出上诉，并申请延缓处罚，等待上诉，并得到准

许，中国银行未支付任何款项。本案中，中行丽都饭店支行亦未就其所称的损失向赵培媛、徐婷、徐雷主张权利。

北京市第二中级人民法院认为，一、关于本案是否应合并审理的问题。根据《中华人民共和国商业银行法》的规定，商业银行可以经营的业务有吸收公众存款，买卖政府债券、金融债券，从事银行卡业务，经国务院银行业监督管理机构批准的其他业务等。一审法院庭审查明，赵培媛、徐婷、徐雷与中行丽都饭店支行之间除存在储蓄存款合同关系，同时还存在国债买卖、委托理财等合同关系。赵培媛、徐婷、徐雷是针对中行丽都饭店支行同时将三个人开立的所有账户中的款项不予支取的事实提出一致的诉讼请求，即判令解除该种状态，赵培媛、徐婷、徐雷起诉的诉讼标的相同。为提高诉讼效率、简化诉讼程序，减少当事人诉累，本案应当合并审理。

二、关于中行丽都饭店支行对赵培媛、徐婷、徐雷采取中止服务、暂停交易的措施是否符合合同或法律规定的问题。

赵培媛、徐婷、徐雷在中行丽都饭店支行开立账户办理活期存款、定期存款、国债买卖、理财产品、银行卡、电子银行等业务、签署承诺及协议书的时间，均发生在 2009 年 6 月至 2011 年 5 月期间，中行丽都饭店支行通知赵培媛、徐婷、徐雷中止提供服务的时间是 2011 年 6 月，因此应该以 2011 年 7 月 1 日之前由中国银行制定的《个人账户开户及综合服务协议书》的条款内容，作为本案确定双方当事人权利义务关系的合同依据。

该时期适用的《个人账户开户及综合服务协议书》销户或业务终止条款的规定为：申请人违反本协议或其他银行相关规章制度或存在恶意操作、诋毁、损害银行声誉、恶意攻击银行

10

电子银行系统等行为，或者申请人涉嫌从事洗钱、恐怖融资或其他违法犯罪行为，银行有权依据其认定的正当理由或风险控制等相关因素，中止或终止本协议及提供相关服务，并保留追究申请人责任的权利。

根据庭审查明的事实，赵培媛、徐婷、徐雷在中行丽都饭店支行办理各项业务时，按照银行的各项要求填写了申请表并在相关位置上签字，办理各项银行业务。中行丽都饭店支行未能举证证明赵培媛、徐婷、徐雷已实际实施了恶意操作、诋毁、损害银行声誉、恶意攻击银行电子银行系统等行为；赵培媛、徐婷、徐雷在美国涉及诉讼，案件正在审理之中，尚无结论，目前在中国境内尚未有生效的裁判文书认定赵培媛、徐婷、徐雷涉嫌从事洗钱、恐怖融资或其他违法犯罪行为；中行丽都饭店支行也未向一审法院提交足以认定其认为的正当理由或风险控制的证据。且目前中国银行也没有按照美国法院的命令支付罚款及向古驰公司支付费用。

《中华人民共和国商业银行法》规定：商业银行依法开展业务，不受任何单位和个人的干涉；商业银行应当保障存款人的合法权益不受任何单位和个人的侵犯；商业银行办理个人储蓄存款业务，应当遵循存款自愿、取款自由、存款有息、为存款人保密的原则，故中行丽都饭店支行应当按照约定全面履行自己的义务，现对赵培媛、徐婷、徐雷的银行账户自行采取中止服务、暂停交易的措施没有合同依据和法律依据。遂判决：中国银行股份有限公司北京丽都饭店支行于判决生效之日起七日内解除对赵培媛、徐婷、徐雷所有银行帐户中止服务、暂停交易的状态。

11

中行丽都饭店支行不服，上诉至北京市高级人民法院。北京市高级人民法院审理后认为：《中华人民共和国商业银行法》规定：商业银行依法开展业务，不受任何单位和个人的干涉；商业银行应当保障存款人的合法权益不受任何单位和个人的侵犯；商业银行办理个人储蓄存款业务，应当遵循存款自愿、取款自由、存款有息、为存款人保密的原则。2009 年 6 月至 2011 年 5 月期间，赵培媛、徐婷、徐雷分别在中行丽都饭店支行开立账户办理活期存款、定期存款、国债买卖、理财产品、银行卡、电子银行等业务，同时签署承诺及相关协议书，其中《个人账户开户及综合服务协议书》销户或业务终止条款的规定为：申请人违反本协议或其他银行相关规章制度或存在恶意操作、诋毁、损害银行声誉、恶意攻击银行电子银行系统等行为，或者申请人涉嫌从事洗钱、恐怖融资或其他违法犯罪行为，银行有权依据其认定的正当理由或风险控制等相关因素，中止或终止本协议及提供相关服务，并保留追究申请人责任的权利。中行丽都饭店支行未提出证据证明赵培媛、徐婷、徐雷违反合同相关约定，其对赵培媛、徐婷、徐雷的银行账户自行采取了中止服务、暂停交易的行为没有合同依据和法律依据。同时中行丽都饭店支行认为应当以 2011 年 7 月 1 日之后的《个人账户开户及综合服务协议书》的条款内容作为确定双方权利义务关系的合同依据不能成立，本院不予采信。中行丽都饭店支行的上诉理由不能成立，上诉请求本院不予支持。一审法院判决认定事实清楚，适用法律正确，本院予以维持。遂于 2014 年 6 月 20 日作出（2014）高民终字第 585 号民事判决书，判决：驳回上诉，维持原判。

12

　　原告称因中国银行在美国法院进行上述诉讼活动，聘请美国律师进行相关诉讼活动，中国银行股份有限公司北京市分行代原告支付律师费等费用 5 534 595 元，因赵培媛、徐婷、徐雷系原告的客户，相关费用应由原告负担，原告提交了中国银行股份有限公司北京市分行《关于"GUCCI"案律师费等费用支付事的通知》，现原告要求赵培媛、徐婷、徐雷赔偿上述费用。

　　经询，原告称被告开立账户的行为不存在过错，但存在如下过错：开立账户后，涉嫌在美国制造销售假冒伪劣产品，涉嫌将非法行为所得通过中国银行账户汇回国内，在美国古驰等公司提起诉讼后拒绝应诉，同时对美国法院要求其对古驰公司等作出回应的情况下，仍拒绝回应，在美国法院要求中国银行披露相应信息，被告在明知中国银行因拒绝相关信息可能被美国法院处罚的情况下，仍然未出庭应诉，仍拒绝对古驰公司的取证申请作出回应，在原告向被告提出要求的情况下，被告仍拒绝参与诉讼，这个整体我们认为被告存在过错。原告还称被告上述行为和美国法院，古驰公司共同构成一个行为，导致原告不得不参与诉讼，致使原告遭受损失，被告行为是根本性的，否则不会有古驰等公司起诉和美国法院作出命令等，所以要求被告承担赔偿责任。

　　经询，三被告称原告在向美国法院提出反动议前，就相关账户的披露没有征求过三被告的意见。原告和三被告均称尚未收到美国法院的判决。

　　本案审理过程中，原告申请财产保全，本院于 2014 年 6 月 24 日作出作出（2014）朝民初字第 25377 号民事裁定书，裁定：查封、冻结被告赵培媛、徐婷、徐雷名下价值五百五十三万四

13

千五百九十五元的财产

上述事实，有当事人提交的（2014）高民终字第 585 号民事判决书、当事人陈述意见及庭审笔录在案佐证。

本院认为：公民、法人由于过错侵害国家的、集体的财产，侵害他人财产、人身的应当承担民事责任。依据法律规定，侵权行为构成要件有四：一、须有违法性之行为；二、行为人存在过错；三、受害人有损害事实；四、违法行为与损害后果之间有因果关系。原告认为三被告存在过错行为，并要求三被告赔偿原告的损失，三被告虽在美国涉及诉讼，但相关案件正在审理之中，尚无结论，目前在中国境内尚未有生效的裁判文书认定赵培媛、徐婷、徐雷涉嫌从事洗钱、恐怖融资或其他违法犯罪行为，三被告拒绝在美国应诉的行为亦非直接针对中国银行。

美国法院作出预先禁令及证据发现令，中国银行聘请美国律师，以案外当事人的身份向美国法院提交请求驳回古驰公司等申请强制执行发现令的动议及申请复议的动议后，美国法院作出命令，指令中国银行遵守古驰公司等的传票及预先禁令的要求，并驳回中国银行申请复议的动议，要求中国银行应于该命令作出之日起 14 天提供传票要求提供的信息、对中国银行作出罚款等，相关诉讼虽涉及三被告，且有中美司法制度差异、司法主权等外在因素，但美国法院的上述行为亦系美国法院自主做出的司法行为，不能等同于被告的行为，亦不能视为三被告的侵权行为。中国银行聘请律师维护自己的合法权利，相关律师费用亦非三被告的行为所直接导致的损失。现原告要求三被告赔偿上述损失，于法无据，本院不予支持。

14

综上，依照《中华人民共和国民事诉讼法》第六十四条第一款之规定，判决如下：

驳回原告中国银行股份有限公司北京朝阳支行的诉讼请求。

财产保全申请费 5000 元，由原告中国银行股份有限公司北京朝阳支行负担（已交纳）。

案件受理费 50 542 元，由原告中国银行股份有限公司北京朝阳支行负担（已交纳）。

如不服本判决，可在判决书送达之日起十五日内，向本院递交上诉状，并按对方当事人的人数提出副本，上诉于北京市第三中级人民法院。

审　判　长　　雷恩强

人民陪审员　　李丽华

人民陪审员　　黄　敏



二〇一四年十二月二十四日

书　记　员　　于　婷

本件与原本核对无异

15