# ALLEN & OVERY

**BY ECF AND EMAIL**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
sullivannysdchambers@nysd.uscourts.gov

Allen & Overy LLP
1221 Avenue of the Americas
New York  NY  10020

Tel             212 610 6300
Fax            212 610 6399
Direct line   212 756 1151
andrew.rhys.davies@allenovery.com

February 26, 2015

Re:    Gucci America, Inc., et al. v. Weixing Li, et al.,
       No. 10 Civ. 4974 (RJS)

Dear Judge Sullivan:

We write on behalf of non-party Bank of China ("BOC") to request permission to file a five-page sur-reply in further support of BOC's opposition to Plaintiffs' Motion for an Order Compelling Bank of China's Production of Documents Requested in Plaintiffs' 2010 and 2011 Subpoenas (the "Motion"), together with two additional exhibits.  This request is made subject to and without waiver of BOC's jurisdictional objections.

In its memorandum of law filed on January 23, 2015 (ECF No. 141), BOC showed that, even if Gucci could establish minimum contacts, which it cannot, the Court lacks jurisdiction to compel BOC to comply with the Subpoenas because they do not arise from or relate to any in-forum conduct by BOC.  In its Reply (ECF No. 146) ("Reply"), Gucci argues for the first time that, based on dicta in the Court of Appeals' decision in *Chew v. Dietrich*, 143 F.3d 24 (2d Cir. 1998), this Court should take a flexible approach to the jurisdictional inquiry so as to exercise jurisdiction based on a hodgepodge of contacts, none of which authorizes the exercise of either specific or general jurisdiction.  Reply at 4-5.  In its proposed Sur-Reply, BOC will demonstrate that Gucci's argument is misconceived, inconsistent with controlling United States Supreme Court authority, and unsupported by *Chew* itself.

The proposed Sur-Reply also responds to two new arguments that Gucci advances through the Third Declaration of Donald Clarke (ECF No. 148) ("Clarke Decl.") that was filed with Gucci's Reply, *i.e.*, that the Court should adopt a "plain language" interpretation of a term used in the Chinese law-

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practise in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Athens, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Sydney, Tokyo, Toronto, Warsaw, Washington, D.C. and Yangon.

governed account agreements that were at issue in the Beijing litigation, and that it is reasonable to assert jurisdiction over BOC because intellectual property ("IP") enforcement in China is "significantly weaker than in the United States."  Clarke Decl. ¶ 11; Reply at 6.

In the proposed Sur-Reply, BOC demonstrates that Mr. Clarke's "plain language" approach to the interpretation of foreign legal terms has been rightly disapproved as apt to lead to an erroneous interpretation of foreign law.  One of the two exhibits that BOC proposes to file in support of its Sur-Reply is an unofficial transcript of an argument before the Second Circuit on January 29, 2015 in *Animal Science Products, Inc. v. Hebei Welcome Pharmaceutical, et al.*, No. 13-4791-cv (2d Cir.), which arises from the district court's refusal to extend comity to Chinese law and its failure to defer to the Chinese government's statement of Chinese law, and in which one of the judges noted at argument the likelihood that giving a foreign legal term its plain language meaning will result in an erroneous understanding of the foreign law.

The proposed Sur-Reply will further demonstrate that, even if Mr. Clarke were qualified to speak to issues of IP enforcement in China (and there is no evidence that he is), Gucci's contention that IP enforcement in China is "significantly weaker" than in the United States does not support the exercise of jurisdiction over BOC in this case.  BOC's proposed Sur-Reply shows that Gucci's preference to litigate in what it views as a more advantageous forum does not gives Gucci or this forum any cognizable interest in exercising jurisdiction over BOC.  Moreover, the second exhibit that BOC proposes to file in support of its Sur-Reply consists of a report from the trade organization whose views Mr. Clarke adopts in support of his position, Clarke Decl. ¶ 15, which explicitly encourages IP plaintiffs to engage in forum shopping.  In its Sur-Reply, BOC shows that such forum shopping objectives further confirm the lack of any substantial private or forum interest in asserting jurisdiction here.

Pursuant to Sections 2.A and 2.H. of Your Honor's Individual Practices, we have not enclosed the proposed Sur-Reply or the proposed exhibits, but we respectfully request that the Court permit BOC to submit those proposed filings so that the Court may evaluate them in determining whether to grant this request.

This request would have been submitted earlier, but for the recently-ended Chinese New Year holiday.

Respectfully submitted,

/s/ Andrew Rhys Davies

**Andrew Rhys Davies**

Copy            All counsel of record (via ECF)