**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert Weigel
Direct: +1 212.351.3845
Fax: +1 212.351.5236
RWeigel@gibsondunn.com

September 10, 2015

VIA CM/ECF AND ELECTRONIC MAIL

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
E-mail: SullivanNYSDChambers@nysd.uscourts.gov

Re:   Gucci America, Inc., et al. v. Weixing Li, et al., No. 2010 Civ. 4974 (RJS)

Dear Judge Sullivan:

Regrettably, I am compelled to write on behalf of Plaintiffs to respond to Bank of China's ("BOC") September 4, 2015 letter to the Court, ECF 156, which is yet another attempt to submit the sur-reply that this Court unambiguously denied, ECF 151. As set forth below, BOC's September 4 letter still does not provide a basis to deny Plaintiffs' motion to compel and for clarification, *see* ECF 135 to 138, 146 to 148.

BOC's letter is incorrect that Plaintiffs purely seek information related to activities in China, and it conspicuously ignores its extensive contacts in this District. ECF 156 at 1-2. As Plaintiffs have already pointed out, *see* ECF 136 at 14-15; ECF 146 at 3, BOC cannot deny that its *head office* maintains a correspondent account in New York *and* used that very account to execute precisely the sort of wire transfers at issue in this case: To allow the conversion of U.S. dollar-denominated proceeds of operations in the U.S. into an account that BOC designates as being in China. Far from being merely "passive" recipients, BOC not only received Defendants' counterfeiting proceeds in its New York correspondent account, but also deliberately and repeatedly used facilities it knew (and still knows) are located in New York to transfer those proceeds to Defendants' accounts in China. *See* ECF 136 at 7-15. BOC knew what it was doing: Among other things, it touts itself as "the No. 1 choice of U.S. dollar wire transfers to and from China." ECF 138-1. These contacts, including BOC's repeated use of its New York correspondent account to effectuate Defendants' transactions, provide ample basis for specific jurisdiction here. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 171 (2d Cir. 2013).

BOC is also legally incorrect because, as Plaintiffs have previously explained, *see* ECF 146 at 4, specific jurisdiction in the subpoena context merely requires that Plaintiffs' motion "relate to [BOC's] contacts with the forum." *In re Application to Enforce Admin. Subpoenas Duces Tecum of SEC v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996). That requirement is met where, as here, the in-forum contacts clearly "involve activities that are the very source of [Plaintiffs'] interest" in BOC's documents. *Id.*; *see also* ECF 155 at 3. And these contacts

**GIBSON DUNN**

The Honorable Richard J. Sullivan
September 10, 2015
Page 2

establish specific jurisdiction "even if the effects of [BOC's] entire course of conduct are felt elsewhere." *Licci*, 732 F.3d at 173.  In fact, Rule 45 expressly permits service of a subpoena "at any place within the United States," Fed. R. Civ. P. 45(b)(2)—language that the Second Circuit has recognized "permit[s] nationwide personal jurisdiction," *Dynegy Midstream Servs., LP v. Trammochem*, 451 F.3d 89, 95 (2d Cir. 2006).

BOC's attempts to distinguish the recent decisions in *Vera v. Republic of Cuba*, -- F. Supp. 3d --, 2015 WL 1244050 (S.D.N.Y. Mar. 17, 2015), *appeal dismissed*, -- F.3d --, 2015 WL 5201675 (2d Cir. Sept. 8, 2015) (slip op.) (order to compel compliance with a subpoena is not an appealable final order), and *B&M Kingstone, LLC v. Mega International Commercial Bank Co.*, -- N.Y.S.3d --, 2015 WL 4726634 (1st Dep't Aug. 11, 2015), are also unavailing.

*First*, BOC does not deny that it is subject to the requirements of analogous federal banking laws, *see* 12 U.S.C. § 3101 et seq., but attempts to distinguish away *Vera* and *B&M* on the ground that New York's Banking Law has a service agent provision.  ECF 156 at 4.  This distinction makes no difference.  Instead of requiring a service agent, federal regulations *directly* subject BOC "to service of process at the location of the Federal branch or agency," 12 C.F.R. § 28.21, here, New York.  A service agent "is merely the vehicle for reaching the corporation." 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2454 (3d ed. 1998).  Consequently, since (as recognized by *Vera* and *B&M*) a foreign bank consents to jurisdiction by submitting to service of process through a third-party, *a fortiori* a foreign bank consents to jurisdiction by subjecting itself to in-forum service directly.  ECF 136 at 22.

*Second*, BOC's claim that its *New York branch* lacks access to the documents Plaintiffs seek is misleading.  Its assertion that the New York branch cannot access records of its Chinese branches is nothing more than a convenient fiction, as BOC produced documents from its overseas branches in this case and others.  *See* ECF 28-16; ECF 138-28 to -36; *see also* ECF 40-16 (describing BOC's "joining 581 overseas branches of the Bank of China in over 26 countries and regions into one vast computer network").  More substantively, BOC itself—head office, branches, and all—purposefully availed itself of the forum here.  For purposes of a subpoena, it is "well-settled that the domestic branch of a foreign bank is *not* a separate legal entity under either New York or federal law." *Greenbaum v. Svenska Handelsbanken*, 26 F. Supp. 2d 649, 652 (S.D.N.Y. 1998) (Sotomayor, J.) (emphasis added).  Accordingly, "only personal jurisdiction over the legal entity, the bank and its branches, is necessary." *CE Int'l Res. Holdings, LLC v. S.A. Minerals Ltd. P'ship*, 2013 WL 2661037, at *17 (S.D.N.Y. June 12, 2013).

*Third*, for reasons well known to this Court, BOC is also incorrect that comity considerations "clearly preclude enforcement of [Plaintiffs'] subpoenas," ECF 156 at 4.  As Plaintiffs have explained at length, *see* ECF 136 at 10-12; ECF 146 at 8-10, BOC's overwrought rhetoric

**GIBSON DUNN**

The Honorable Richard J. Sullivan
September 10, 2015
Page 3

concerning the information regarding Defendants' accounts is completely belied by BOC's own use of that information when it was in BOC's interests to do so—including identifying Defendants' 30 accounts and transactions with BOC, and even attaching to its civil complaint "a list of [Defendants'] bank accounts and funds deposited therein." ECF 136 at 12 (quotation marks omitted).

*   *   *

For these reasons—along with those set forth in Plaintiffs' memoranda in support of their pending motion (*see* ECF 135 to 138, 146 to 148)—Plaintiffs respectfully request that the Court confirm its personal jurisdiction over BOC and order BOC to produce the additional materials requested per Plaintiffs' 2010 and 2011 subpoenas.

Respectfully submitted,

*/s/ Robert L. Weigel*

Robert L. Weigel
Counsel to Plaintiffs

cc: Andrew Rhys Davies, counsel to nonparty Bank of China