

中 华 人 民 共 和 国 大 使 馆

EMBASSY OF THE PEOPLE'S REPUBLIC OF CHINA

3505 International Place, N.W. Washington, D.C. 20008

CE194/15

The Embassy of the People's Republic of China presents its compliments to the Department of State of the United States of America and has the honor to draw the attention of the latter to a recent decision by US District Court for the Southern District of New York, holding Bank of China (BOC) in contempt of court for failing to provide information of defendants' bank accounts located in China in the case of Cucci America, Inc. v. Weixing Li, et. Al (case no. 10-cv-04974-RJS). The judge of the court also threatened that he would determine specific monetary sanctions against BOC at a later time. The Chinese side is dissatisfied with and concerned over this development and hereby states as follows:

1. According to international law, it falls within China's sovereignty to conduct such judicial measures as to obtaining information of bank accounts located in China. Financial institutions located in China shall only comply with requests to produce account records in accordance with Chinese laws and regulations. US judicial organs, having just needs, shall request judicial assistance from China according to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. It is an infringement of China's judicial sovereignty and Chinese company's legitimate rights and interests to unilaterally request BOC to provide information of bank accounts located in China.

2. In recent years, the Chinese side has repeatedly expressed concerns over this issue. The two sides have had several discussions about it under the framework of China-U.S. Strategic & Economic Dialogue (S&ED) and reached important consensus at the 5th S&ED: "Both sides commit to improve cooperation on issues related to evidence taking, the provision of notice to interested parties and enforcement of a U.S. restraint, seizure, or forfeiture judgment or order in China involving financial institutions located in China through the application of the relevant international agreements and other bilateral, multilateral or international cooperation mechanisms."

The Chinese side noticed that the channel of judicial assistance

between the two countries has been open, thus the U.S. side is fully capable of having legitimate needs met through legitimate channel. The above-mentioned measures against BOC, taken by the US side unilaterally in spite of China's repeated objections, violates the consensus reached by the two sides at S&ED.

3. The Chinese side hereby requests the US side to proceed from the overall interest of judicial and law enforcement cooperation between the two countries, take the concerns of the Chinese side seriously, fully respect China's sovereignty and law, earnestly follow consensus reached by the two sides, urge judicial organs to correct its erroneous practices, stop unilaterally requesting BOC to produce information of bank accounts located in China immediately and stop proceeding with monetary sanctions against BOC, so as to promote sound development of China-US judicial and law enforcement cooperation with concrete actions.

The Embassy of the People's Republic of China avails itself of this opportunity to renew to the Department of State of the United States of America the assurances of its highest consideration.

Washington, D.C., November 30, 2015

The Department of State
The United States of America
Washington, D.C.

Cc: The Department of Justice
    The United States of America
    Washington, D.C.

Cc: Honorable Richard J. Sullivan
    US District Judge
    Case No.: 10-cv-04974-RJS
    US District Court for the Southern District of New York

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-7-15