UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
GUCCI AMERICA, INC., BALENCIAGA :
AMERICA INC., BALENCIAGA S.A., BOTTEGA :
VENETA INTERNATIONAL S.A.R.L., :
BOTTEGA VENETA INC., LUXURY GOODS :
INTERNATIONAL (L.G.I.) S.A. and YVES SAINT :
LAURENT AMERICA, INC. :         2010 Civ. 4974 (RJS)
:
      Plaintiffs, :
:
   -against- :
:
WEIXING LI a/k/a XIN LI, LIJUN XU a/k/a JACK :
LONDON and TING XU a/k/a JACK LONDON :
a/k/a XU TING a/k/a REBECCA XU, WENYING :
GUO, XIAOCHAO SHANG, LEI XU, FENGYUAN :
ZHAO, LIQUN ZHAO, MING ZHAO, and :
PEIYUAN ZHAO, all doing business as :
REDTAGPARTY, MYLUXURYBAGS.COM, :
KUELALA.COM, XPRESSDESIGNERS.COM, :
XPRESSDESIGNER.NET, and DESIGNER :
HANDBAGS; ABC COMPANIES; :
and JOHN DOES, :
:
      Defendants. :
:
----------------------------------------------------------------X

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' FEE APPLICATION
PURSUANT TO THE COURT'S NOVEMBER 30, 2015 ORDER**

                                    Robert L. Weigel
                                    Howard S. Hogan
                                    Anne M. Coyle
                                    Casey K. Lee
                                    GIBSON, DUNN & CRUTCHER LLP
                                    200 Park Avenue
                                    New York, New York 10166
                                    (212) 351-4000

                                    *Counsel for Plaintiffs*

New York, New York
January 28, 2016

Plaintiffs Gucci America, Inc., Balenciaga America Inc., Balenciaga S.A., Bottega Veneta International S.a.r.l., Bottega Veneta Inc., Luxury Goods International (L.G.I.) S.A., and Yves Saint Laurent America, Inc. (collectively, "Plaintiffs") respectfully submit this response to Bank of China's ("BOC") objections to the amounts of Plaintiffs' requested attorneys' fees and costs incurred in moving for contempt, *see* ECF 197.

After forcing this Court, the Second Circuit, and Plaintiffs to brief and address (*1*) a motion to compel, (*2*) a motion for reconsideration, (*3*) a motion for contempt, (*4*) an appeal from the contempt order, (*5*) a second motion to compel on remand, (*6*) a second motion for contempt, and (*7*) a motion to stay the Court's second contempt order, BOC now claims that this Court should not grant Plaintiffs the full amount of attorneys' fees incurred in connection with the sixth of these motions, Plaintiffs' second successful motion to have BOC held in contempt for its willful violation of this Court's orders.

Tellingly, "BOC does not dispute that [Plaintiffs] are entitled to be awarded [their] reasonable attorneys' fees," that Plaintiffs' counsel's hourly rates are reasonable, or that Plaintiffs' counsel staffed the contempt dispute with an appropriate number of attorneys with the requisite skill and experience. *See* ECF 197. BOC has plainly demonstrated that it is a tenacious litigant willing to advance every conceivable argument. BOC cannot be heard to complain that Plaintiffs expended the resources necessary to prevail and vindicate their rights.

Nevertheless, BOC tries to slash *70 percent* of the fees and costs requested in connection with this one motion, by speculating as to the amount of time Plaintiffs' counsel committed to various aspects of Plaintiffs' contempt motion. *See id.* at 4. BOC's back-door attempt to nullify this Court's fees and costs award—which was designed not only to compensate Plaintiffs for costs incurred, but also to coerce compliance, *see Fleischmann Distilling Corp. v. Maier*

*Brewing Co.*, 386 U.S. 714, 718 (1967)—must be rejected.

BOC's objections are baseless. Through their counsel's efforts, Plaintiffs' motion was successful, and the Court issued a decision holding BOC in contempt and granting a daily coercive fine of $50,000, which not only "represents a significant increase from the $10,000 per day fine imposed in the Court's initial contempt order in 2012," ECF 176 at 8, but also *finally* compelled BOC to begin to produce some documents in response to Plaintiffs' subpoenas. *See* ECF 194. This was unquestionably an excellent result for Plaintiffs. And "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

BOC's contention that Plaintiffs' contempt motion was partially unsuccessful, ECF 197 at 1-2, is a step through the looking glass. BOC should not benefit from its litigious strategy of forcing Plaintiffs to advance multiple arguments, in order to find the remedy that would hopefully finally compel compliance. "[T]rial courts enjoy considerable discretion in determining the appropriate amount of attorney fees," *Weitzman v. Stein*, 98 F.3d 717, 720 (2d Cir. 1996), "including fees with respect to unsuccessful claims," *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1183 (2d Cir. 1996). A fee award "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.* Further, "[w]here the district court determines that the successful and unsuccessful claims are inextricably intertwined and involve a common core of facts or are based on related legal theories, it is not an abuse of discretion for the court to award the entire fee." *Reed*, 95 F.3d at 1183 (quotations omitted). Accordingly, where a movant seeks discovery "sanctions on different

2

theories, some of which were successful, some of which were not"—even where it seeks but does not receive a "case dispositive sanction"—"a full award of … reasonable attorneys' fees is appropriate." *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, at *7 (S.D.N.Y. Aug. 19, 2003).  In this instance, it is beyond dispute that Plaintiffs' contempt motion and its menu of requested sanctions all spring from a common set of facts and related legal theories: BOC's longstanding, willful refusal to comply with this Court's orders to produce documents, and the measures needed to coerce BOC into compliance with those orders.  *See* ECF 176.  A full award of Plaintiffs' fees and costs is therefore eminently proper here.

Incredibly, BOC claims that Plaintiffs' requests for attorneys' fees and coercive sanctions—which it vigorously opposed and lost—took too much time because they were "straightforward, relied on basic principles of law and cannot have required significant time to develop." ECF 197 at 3.  Given its current position, it is hard to see how BOC could have filed a parade of arguments spanning 24 pages asserting that this Court had *no* legal basis to find BOC in contempt or to impose *any* sanctions whatsoever.  ECF 171.  Plaintiffs had to anticipate and address these arguments in full, *see* ECF 164, 172, which "required a considerable amount of attorney time and effort," ECF 185 ¶ 21.  And when this Court did in fact impose sanctions, BOC forced Plaintiffs to suffer the exercise of having to oppose BOC's emergency motion to stay them.  *See* 2d Cir. Dkt. 9, 18.  This was no surprise.  "Past experience ha[d] proven that BOC is a determined adversary with effectively unlimited resources," such that "Plaintiffs could not and would not ask this Court to hold BOC in contempt without thoroughly researching and analyzing all the relevant issues."  ECF 185 ¶ 21.  BOC thus cannot plausibly claim that the attorney time and effort required to surmount BOC's vigorous opposition to compliance and contempt was somehow "excessive," ECF 197 at 3.

3

## CONCLUSION

BOC "never had any intention of complying with the subpoenas," and "pursued delay tactics designed to avoid ever having to comply with the subpoena requests." ECF 176 at 7. That has finally begun to change, squarely due to Plaintiffs' diligent efforts in bringing their contempt motion. The fees and costs incurred in those efforts were manifestly reasonable—indeed, necessary.

Dated: New York, New York
       January 28, 2016

                                            Respectfully submitted,

                                            GIBSON, DUNN & CRUTCHER LLP

                                            By:      /s/ Robert L. Weigel
                                                  Robert L. Weigel
                                                  Howard S. Hogan
                                                  Anne M. Coyle
                                                  Casey K. Lee
                                                  GIBSON, DUNN & CRUTCHER, LLP
                                                  200 Park Avenue
                                                  New York, New York 10166
                                                  (212) 351-4000

                                                  *Counsel for Plaintiffs Gucci America, Inc.,
                                                  Balenciaga America Inc., Balenciaga S.A.,
                                                  Bottega Veneta International S.a.r.l.,
                                                  Bottega Veneta Inc., Luxury Goods
                                                  International (L.G.I.) S.A. and Yves Saint
                                                  Laurent America, Inc.*