# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert Weigel
Direct: +1 212.351.3845
Fax: +1 212.351.5236
RWeigel@gibsondunn.com

February 2, 2016

ECF AND E-MAIL

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
E-mail: SullivanNYSDChambers@nysd.uscourts.gov

Re:   Gucci America, Inc., et al. v. Weixing Li, et al., No. 2010 Civ. 4974 (RJS)

Dear Judge Sullivan:

We represent Plaintiffs in the above-referenced action.  I write in response to Bank of China's ("BOC") letter to this Court dated February 1, 2016.

We are in receipt of this Court's order of February 1, 2016 and will of course meet and confer with BOC as directed.  Plaintiffs cannot, however, permit the assertions in BOC's letter to go unanswered.  BOC provided 7,000 pages of Chinese language documents on January 20, 2016 without any index, without any references to the paragraphs of the subpoenas, and without any other explanation (except for a verbal warning that the production contained duplicates of an unknown number of records).  In light of the importance of our January 29 letter to this Court, we believed it was essential that we not inaccurately assert that documents were missing from BOC's production and we did our best to be careful.  It would appear from BOC's February 1 letter that BOC does not dispute that the documents Plaintiffs said were missing from BOC's production are in fact not there.  Instead, BOC claims that its failure to produce any sort of account statements or computer files reflecting the full transaction history for many of the Defendants' bank accounts, including four of the ten accounts expressly called for in Plaintiffs' subpoenas, was "inadvertent." BOC does not claim that it actually produced these records on January 20, 2016—just that it will produce them at some (unspecified) point in the future.  BOC does not provide any explanation or apology for its representation to the Court that it fully complied with the subpoenas on January 20, 2016 when in fact it did not.

Plaintiffs are also compelled to correct the record with respect to BOC's assertion that this Court's "asset restraint order . . .  was vacated by the Second Circuit."  BOC Feb. 1, 2016 Letter at 2.  The Second Circuit unequivocally found that this Court had both personal

**GIBSON DUNN**

Honorable Richard J. Sullivan
February 2, 2016
Page 2

jurisdiction and the equitable power to freeze the Defendants' assets. *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 129, 132 (2d Cir. 2014) ("We reject BOC's argument that personal jurisdiction over the Bank was required for the district court to issue the June 25, 2010 TRO and the subsequent Asset Freeze Injunction."; "the district court had the equitable authority to issue the Asset Freeze Injunction and that BOC's argument to the contrary is without merit."). The Second Circuit *only* vacated this Court's separate August 23, 2011 order denying BOC's motion to modify the asset freeze order, and even then the Court of Appeals only required further consideration of jurisdictional and comity issues, not the underlying preliminary injunction freezing the counterfeiters' assets (ECF 12). That order was expressly *affirmed* and nothing in the Second Circuit's opinion gave BOC comfort that this Court's injunction could be safely ignored. To the contrary, the Second Circuit expressly cautioned BOC that pursuant to Federal Rule of Procedure 65, the Bank "'could become liable through Rule 65 if they assist . . . in violating the district court's orders.'" (quoting *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 243 (2d Cir.2013), *cert. denied*, ––– U.S. ––––, 134 S. Ct. 2819 (2014) (citing Fed. R. Civ. P. 65(d))) (alteration in original). Plaintiffs therefore had no need or reason "to seek a new asset restraint injunction" (*see* BOC Feb. 1, 2016 Letter at 2) as the original preliminary injunction remains in force. The original preliminary injunction, providing that "Defendants and their ... agents ... and all persons acting in concert or in participation with any of them, and any banks ... who receive actual notice of this order ... without prior approval of the Court [are] restrained and enjoined from transferring, disposing of, or secreting any money ... or other assets of Defendants...." was affirmed. *Gucci Am., Inc.*, 768 F.3d at 126.

The Bank admits that it allowed the Defendants to drain their accounts in June 2015—without seeking this Court's "prior approval" as expressly provided in the preliminary injunction. The Bank did not inform this Court of its intent to release the Defendants' funds while Plaintiffs' motion to compel production of documents relating to the very accounts at issue was pending before this Court. Nor did BOC seek any relief from this Court. BOC could have filed an interpleader action and deposited the contents of the bank accounts with the Court. Instead, BOC acted in concert with the Defendants to assist the Defendants in transferring the proceeds of their counterfeiting operation to another bank in violation of this Court's now-affirmed injunction. As set forth in our January 29, 2015 letter, Plaintiffs intend to seek relief once they have ascertained the full scope of the Defendants' bank account activity.

**GIBSON DUNN**

**GIBSON DUNN**

Honorable Richard J. Sullivan
February 2, 2016
Page 3

Respectfully submitted,

*/s/Robert L. Weigel*

Robert L. Weigel, counsel to Plaintiffs

cc: Counsel to nonparty Bank of China